MARGARET C. WALLACE, as Executrix, etc., Respondent, v. ROBERT H. BERDELL et al., Appellants.

Where, on reversal of a judgment, this court directed immediate restitution of certain real estate of which one of the appellants had been dispossessed by means of the erroneous judgment, and that the *mesne* profits up to the time of the restitution be ascertained and paid to him, — *held*, the intent was to provide for the same compensation for withholding the real estate to which the appellant would have been entitled on recovering the same in an action of ejectment; and that an order entered upon the decision providing that " the value of the rents and profits " be ascertained was substantially in accord with the decision.

The provisions of the Code of Civil Procedure (§§ 1496, 1531), providing for recovery in an action of ejectment as damages for withholding the property, " the rents and profits, or the value of the use and occupation of the property," may be regarded as the legislative definition of the ancient technical term " *mesne* profits."

The owner of the property withheld is not confined to the rents actually received by the party required to make restitution. The owner should have either these or the rental value, as may be just under the circumstances.

The *mesne* profits consist of the net rents, rental value, or value of the use and occupation, and in ascertaining either, all necessary payments for taxes and ordinary repairs are to be deducted.

The order of restitution contained a provision not contained in the decision, to the effect that the restitution and payment should be without prejudice to the right of the owner to commence and maintain any suit or proceeding for waste or injury to the property. *Held*, that while perhaps the provision was superfluous, as it was not the intent of the court to deprive said owner of any such right of action, if he had any, the order as entered was proper.

(Argued December 1, 1885 ; decided December 8, 1885.)

MOTION to recall and amend remittitur etc. The case is reported in 98 N. Y. 480.

*Henry Bacon* for motion.

*Alfred Taylor* opposed.

RAPALLO, J. The opinion in this case on the motion for restitution, after holding that the remittitur should be amended

by inserting a direction for the immediate restitution of the real estate in question, held that there should be inserted a further direction, that the *mesne* profits of said real estate, up to the time of such restitution, be ascertained and be paid by Ambrose S. Murray to Charles P. Berdell. (See 98 N. Y. 480.)

The order entered upon the decision of the motion, instead of following the words of the opinion, provided that the directions should be that " the value of the rents and profits, etc.," be ascertained.

The counsel for Mr. Murray seems to be apprehensive that this deviation from the language of the opinion may subject his client to liability for the gross rents or rental value of the property, without any allowance for amounts paid by him for taxes and necessary repairs, etc., and he now moves for a recall of the remittitur for the purpose of making the direction conform to the language of the opinion.

The intention of the court was to provide for the same compensation to the defendant for withholding from him the possession of his real estate, to which he would have been entitled on recovering the same in an action of ejectment, and we see no difference, in substance or effect, between the language of the opinion and that inserted in the order.

Whatever uncertainty there may have been in former times as to the rule of damages in an action for *mesne* profits, has been removed by the provisions of the Revised Statutes and of the Code of Civil Procedure and the decisions thereon.

At common law the action for *mesne* profits, after recovery in ejectment, was in the form of an action of trespass, and although the general rule was that the plaintiff was entitled to recover in such an action the annual value of the land, it was held in some cases that he was not confined to that, and it was said by the court in *Goodtitle* v. *Tombs* (3 Wils. 118) : " The plaintiff is not confined in this case to the very *mesne* profits only, but he may recover for his trouble. I have known four times the value of the *mesne* profits given by a jury in this

sort of action of trespass. If it were not so, sometimes complete justice could not be done to the party injured."

In *Jackson* v. *Loomis* (4 Cowen, 168), which was an action of trespass for *mesne* profits after a recovery in ejectment, it was held that a defendant, whose possession was *bona fide*, was entitled to be allowed in mitigation of damages the value of permanent improvements, beneficial to the freehold, made in good faith. The court, by SAVAGE, Ch. J., after stating that it could find no case in point, either in this country or in England, cited, in support of its decision, from the opinion of KENT, J., in the Court of Errors, in *Murray* v. *Gouverneur* (2 Johns. Cas. 441.) : "As to the sum expended for repairs, it may be left for liquidation, in an action for *mesne* profits, if the respondents should think proper to sue for the rents and profits. The action for *mesne* profits is a liberal and equitable one and will allow of every kind of equitable defense." The Revised Statutes (2 R. S. 310, § 44 *et seq.*), substitute, in place of the action of trespass for *mesne* profits, a suggestion to be entered on the record of the judgment in ejectment, and direct that such suggestion be in the form in use for a declaration in an action for use and occupation. Section 48 requires the plaintiff to prove on the trial of the issue, to be framed on such suggestion, the *value of the mesne profits* during the time for which the plaintiff is entitled to recover, and by section 49 allowances are directed to be made for permanent improvements and for the value of their use.

In *Woodhull* v. *Rosenthal* (61 N. Y. 394) the rule of damages is stated by DWIGHT, Commissioner, to be the *rental value* of the premises recovered ; and the whole subject is provided for by the Code of Civil Procedure, which provides (§ 1496) that in an action to recover real property or the possession thereof, the plaintiff may demand in his complaint, and in a proper case recover, damages for withholding the property, and section 1497, that "those damages include the *rents and profits* or the *value* of the use and occupation of the property where either can be legally recovered," and section 1531 uses the same

language as to the amount of damages allowed in ejectment, viz.: "The rents and profits or the value of the use and occupation of the real property recovered," so this may be regarded as the legislative definition of the ancient technical term "*mesne profits*" used in the opinion. The term "*value of the rents*," employed in the order, does not essentially depart from this definition.

It would be manifestly unjust to confine the owner of the property withheld from him to the rents actually received by the party required to make restitution. The owner should have either those rents, or the rental value, as may be just under the circumstances. In either case, payments necessarily made for taxes and ordinary repairs would be involved in ascertaining the rents received or the rental value. The *mesne* profits consist of the net rents after deducting all necessary repairs and taxes, or the net rental value, or the value of the use and occupation. That is all of which the party from whom the possession has been withheld has been deprived. For this he should be made whole, and he should not suffer from any mismanagement, negligence or improvident expenditure by the party in possession. On the other hand he should not be relieved from any necessary diminution of the gross rents or rental value, or gross value of the use and occupation, to which he would have been himself subjected had he not been disturbed in his possession.

The amount justly chargeable for the rents which the owner derived, or might with reasonable diligence have derived from the property, and the amount of the expenditures which have been properly made and which the owner would have been obliged to make had he remained in possession, are matters to be determined by the referee.

The order contains a further provision which was not contained in the opinion, viz.: "That the restitution and payment ordered be without prejudice to the right of Charles P. Berdell to commence and maintain any suit or proceeding for waste or injury to the property, etc."

This provision determines no question in relation to any

such action, but leaves the parties to their legal rights, whatever they may be. That under certain circumstances such an action may be brought, after recovery in ejectment, was decided by the court of errors in *Dewey* v. *Osborn* (4 Cow. 329). The provision in the order was perhaps superfluous, as no such damages could have been recovered in the proceeding for restitution. It was not intended to deprive Mr. Berdell of such right of action, if he had any, and we see no occasion for amending the order in that respect.

The motion should be denied without costs.

All concur.

Motion denied.