## PAKAS v. HURLEY.

(Supreme Court, Appellate Division, First Department.    November 3, 1911.)

PRINCIPAL AND AGENT (§ 79*)—MEASURE OF DAMAGES.

　　Plaintiff, the owner of a hotel, employed defendant as its manager, he being given sole charge; and after the defendant had been discharged, and plaintiff had obtained possession, he brought an action of conversion for rentals received by defendant while managing the hotel. *Held*, that the plaintiff was not entitled to the identical money collected, but only to the net amount after deduction of defendant's expenses from the rents received.

　　[Ed. Note.—For other cases, see Principal and Agent, Dec. Dig. § 79.*]

Appeal from Trial Term, New York County.

Action by Solomon L. Pakas against Frank C. Hurley. From a judgment for plaintiff, defendant appeals. Reversed, and new trial granted.

See, also, 114 N. Y. Supp. 140; 61 Misc. Rep. 228, 114 N. Y. Supp. 142.

Argued before INGRAHAM, P. J., and LAUGHLIN, MILLER, SCOTT, and DOWLING, JJ.

Albert I. Sire, for appellant.

J. Arthur Corbin, for respondent.

MILLER, J.  In April, 1908, the plaintiff became the owner of the premises known as the Hotel Orleans, and temporarily employed the defendant, a prospective tenant, as manager, for the purpose of enabling the latter to ascertain whether he desired to enter into a lease. As such manager, the defendant had sole charge. He purchased the supplies, employed the help, and collected the bills. While it does not plainly appear whether he paid the running expenses, it is fairly to be inferred, and it appears to have been assumed on the trial, that he did. The plaintiff testified that he (the plaintiff) never drew checks. The plaintiff claims that on the 30th of June he discharged the defendant. At that time the defendant claimed that the plaintiff had given him a lease of the premises, and refused to surrender possession. The plaintiff undertook to obtain possession, and was put out of the building by men presumably in the defendant's employ. The defendant was ousted from possession on or about July 30th, as the result of judicial proceedings. He collected from guests for room rentals for the month of July the sum of $2,111.07, and he also collected the sum of $513.80 for June rentals. The plaintiff has recovered a judgment in conversion for those two amounts, with interest, less the sum which he admitted owing the defendant as salary.

The court excluded evidence, offered by the defendant, to show the expenses incurred by him during the month of July in furnishing service and the like to the guests of the hotel; and the sole question on this appeal is whether the court erred in that ruling. This judgment can only be sustained on the theory that the identical money received by the defendant belonged to the plaintiff. But it seems to

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

us quite plain that it did not. Doubtless the defendant was a trespasser. If the plaintiff had brought an action in ejectment, and had demanded damages for the withholding of the property, he could have recovered the rents and profits, or the value of the use and occupation (section 1497, Code of Civ. Proc.) ; but, if he sought to recover the rents and profits, his recovery would have been limited to the net rentals, and in an action at common law, in the form of an action for trespass for mesne profits, the defendant was entitled to effect expenditures which the owner would have been obliged to make, had he remained in possession. See Wallace v. Berdell, 101 N. Y. 13, 3 N. E. 769.

Doubtless the plaintiff could have elected to treat the defendant as a manager or agent de son tort, so to speak. But, even then, the plaintiff was entitled, not to the identical money collected by the defendant, but only to the net amount remaining after the payment of expenses. The plaintiff assumes that the guests of the hotel remained his guests after the defendant wrongfully took possession, and that the identical money paid by them to the defendant belonged to him. But that assumption overlooks the fact that the room rentals were paid, not alone for the bare privilege of occupying the rooms, but as well for the service furnished by the defendant. As manager, the defendant remitted, not the identical money received by him, but the net amount after deducting expenses. It follows, therefore, that, whether the plaintiff elected to compel the defendant to account as agent for the July rentals, or, treating him as a trespasser, to recover the rents and profits as damages for wrongfully withholding the property, the defendant would be entitled to offset his reasonable disbursements against the rents received.

For the error in excluding the evidence on that head, the judgment and order must be reversed, and a new trial granted, with costs to appellant to abide the event. All concur.