### PAKAS v. HURLEY.

(Supreme Court, Appellate Division, First Department.  February 2, 1912.)

On rehearing. Former opinion affirmed.

For former opinion, see 131 N. Y. Supp. 454. See, also, 132 N. Y. Supp. 1140.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, McLAUGHLIN, and SCOTT, JJ.

SCOTT, J. We have carefully re-examined this case, and remain of the opinion that the judgment must be reversed, and a new trial granted, and this for the reasons stated by Mr. Justice Miller on the former hearing. The slight discrepancy between the facts as stated in that opinion and as they appeared by the evidence is unimportant, if, as we consider, the true measure of damage is the amount of rents collected for stores and apartments, less the sums actually and necessarily expended in so running the building as to retain the tenants, and so make any collection of rents possible.

Judgment reversed, and new trial granted, with costs to appellant to abide the event.

INGRAHAM, P. J., and McLAUGHLIN and CLARKE, JJ., concur.

LAUGHLIN, J. (dissenting). On the first argument of this appeal, the fact that the defendant, under his contract of employment as manager of the Hotel Orleans, which authorized him to collect the rents from the occupants of the stores and apartments, was required

to deposit the same without deduction to the credit of plaintiff as proprietor of the hotel, was overlooked, and the opinion then delivered, in which I concurred (131 N. Y. Supp. 454), contained the erroneous statement of fact that under the agreement the plaintiff was not entitled to the identical money collected by defendant, but only to the net amount remaining after the payment of expenses. It was stated in that opinion that the plaintiff could have elected to treat the defendant as a manager or agent de son tort; but, on account of the error with respect to the facts, it was held that, whether plaintiff elected to hold defendant on that theory or for wrongfully withholding the possession of the property, defendant was entitled to offset his reasonable disbursements against the rents received. There is no question now but that the record shows that the plaintiff attempted to terminate the employment of the defendant, who refused to be discharged, and remained in possession of the property, and collected rentals in part for the month of June and for the month of July. The plaintiff has recovered the amount of those rentals on the theory of conversion, less the salary owing to the defendant, the right to offset which is not presented by the appeal. The defendant at the time claimed that he had become the lessee of the premises; but this claim was disproved, and he was removed by judicial process at the end of July, and he now concedes that he wrongfully remained in charge of the hotel, in defiance of the rights of the owner, who was his employer.

The theory upon which the judgment is now to be reversed would permit the defendant to wrongfully remain in possession and collect the rentals for a long period in advance, and exercise his discretion with respect to disbursements, and render him liable only for the amount remaining in his hands, or liable for use and occupation. Under such ruling the manager of any large hotel or apartment house may at any time disavow his employment and retain possession, to the exclusion of his employer, for say a single day, and collect rentals for days, weeks, or months in advance, and leave his employer without remedy, save to recover for the use and occupation for a day, or what he has seen fit not to expend in managing the hotel without authority and wrongfully. I know of no authority for such a decision. The moneys collected by the defendant were due and owing to the plaintiff, and it is about to be held that, having wrongfully made the collections, his rights are greater than if he continued in charge under his employment. I cannot subscribe to the doctrine that the defendant had any greater right than if he had made the collections under his original contract of employment, by virtue of which he was not authorized to make any deductions, and could not check the money out after depositing it in the bank.

I am of opinion, therefore, that the judgment is right, and should be affirmed.