PAKAS v. HURLEY.

(Supreme Court, Appellate Division, First Department. January 3, 1913.)

SET-OFF AND COUNTERCLAIM (§ 22*)—AMOUNT COLLECTED IN RUNNING HOTEL.
    Where the manager of a hotel continued in the possession and management of same after being discharged, and also wrongfully collected rent for stores in the same building, he had no right to recoup himself for losses in running the hotel out of the rents collected for the stores, even though, in the owner's action for the money collected, he was entitled to offset the expenses of running the hotel against the receipts from the hotel.
    [Ed. Note.—For other cases, see Set-Off and Counterclaim, Cent. Dig. §§ 26–37; Dec. Dig. § 22.*]
    Laughlin, J., dissenting.

Appeal from Trial Term, New York County.

Action by Solomon L. Pakas against Frank C. Hurley. From the judgment, and from denial of a new trial, plaintiff appeals. Modified and affirmed.

See, also, 137 N. Y. Supp. 1132.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, SCOTT, and MILLER, JJ.

J. Arthur Corbin, of New York City, for appellant.
Albert I. Sire, of New York City, for respondent.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

MILLER, J. This case was twice considered by this court on a former appeal. 146 App. Div. 746, 131 N. Y. Supp. 454; 149 App. Div. 909, 133 N. Y. Supp. 499. The learned trial court, on the trial now being reviewed, literally followed the language of the opinions then rendered, and as a result fell into an error, which it is our duty to correct in the interest of justice. The error is traceable to the careless writing of the writer of this opinion, and it may be well to state the essential facts as now developed.

The plaintiff was the owner of premises known as the Hotel Orleans. The defendant, after having been discharged as manager on the 30th of June, 1908, wrongfully continued in possession during the month of July, running the hotel, paying the expenses, and collecting money from guests of the hotel and from other tenants in the building. This suit was brought to recover the sums alleged to have thus wrongfully been received. It appears without dispute that the defendant collected the sum of $513.80 from guests of the hotel on June accounts, the sum of $472.50 from store rentals for the month of July, and the sum of about $2,660 from guests of the hotel for room rentals, restaurant charges, and the like for July. The defendant's evidence tends to show that the disbursements in running the hotel during the month of July were over $3,200.

We reversed a judgment in favor of the plaintiff on the former appeal for the exclusion of evidence to show the expenses incurred by the defendant in running the hotel. The precise and only point decided was that it was error to exclude such evidence. In the statement of facts in the opinion reported in 146 App. Div. 746, 131 N. Y. Supp. 454, the writer stated that the defendant collected "from guests for room rentals for the month of July the sum of $2,112.07," though in fact that sum included said sum of $472.50 received from store rentals, and no distinction was made, with respect to the right of set-off, between room rentals and store rentals. We think it plain that there is a distinction between the two classes of receipts, and that the expenses incurred to make the collections in one class possible could not be offset against collections in the other class.

The defendant could not take possession of the plaintiff's hotel, run it at a loss, and use the money, wrongfully collected from other tenants of the building, to make good the loss. Those tenants were the plaintiff's not his. He did not have to run the hotel to make the collections from them possible, and those collections are as distinct from the receipts of the hotel as though those tenants had occupied a separate building. The defendant was sued as a wrongdoer for money received by him. He was not sued for the value of the use and occupation. Wherefore he was entitled to offset the expenses reasonably and necessarily incurred in running the hotel against the receipts from the hotel. But if those expenses exceeded those receipts, the loss fell upon him, and he was not entitled to recoup himself by receipts from other sources belonging to the plaintiff.

There is some evidence that the defendant furnished light and water to the other tenants of the building. But, assuming that he was entitled to offset the expense of doing that against the collections

from said tenants, he made no attempt to prove what that expense was, or to separate it in any way from the hotel expense account.

The jury found a verdict for the sum of $13, and it is easily demonstrated how that result was reached. The defendant was not entitled to offset any of his disbursements against the collections on June accounts, which amounted to $513.80, but were referred to during the trial as amounting to $513. The plaintiff conceded that he owed the defendant $500 salary as manager, which he credited in his complaint. The disbursements for July were more than the total receipts, including the store rentals, and so the jury found a verdict for $13 thus allowing the disbursements to offset the July receipts and deducting the salary of $500 from the receipts for June of $513. But the plaintiff was entitled, upon the undisputed evidence, to recover the store rentals of $472.50 in addition to the receipts on June accounts, and the defendant was not entitled to offset against either of those sums any amount, except the sum of $500 voluntarily allowed by the plaintiff.

Wherefore the judgment should be modified, by increasing the recovery to the sum of $485.50, with interest from August 1, 1908, and, as thus modified, affirmed, with costs to the appellant.

INGRAHAM, P. J., and CLARKE and SCOTT, JJ., concur

LAUGHLIN, J. (dissenting). As stated in my dissenting opinion on the former appeal herein (149 App. Div. 909, 133 N. Y. Supp. 499), I regard this as an action for the conversion of moneys, which it was the duty of the defendant to turn over and account for to the plaintiff, without any deduction; and, on the exception to the refusal of the court to adopt that theory, I vote for a reversal, and for a new trial.