WEBBER et al. v. AHEARN et al.

(Supreme Court, Appellate Division, First Department. February 7, 1913.)

**1. MORTGAGES (§ 437*)—FORECLOSURE—NECESSARY PARTIES.**

An action to foreclose a mortgage could not proceed to judgment until a person, in possession under a contract of sale since a period prior to the filing of the lis pendens, was brought in.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. § 1290; Dec. Dig. § 437.*]

**2. MORTGAGES (§ 467*)—FORECLOSURE—RECEIVERS.**

A receiver of rents and profits should not be appointed, in an action to foreclose a mortgage, until a person, in possession under a contract of sale since a period prior to the filing of the lis pendens, is made a party.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. §§ 1371-1373; Dec. Dig. § 467.*]

Appeal from Special Term, New York County.

Action to foreclose mortgage by William Webber and others, as executors of Richard Webber, deceased, against James Ahearn and others. From an order appointing a receiver of rents and profits, Catherine Reisert Ahearn, a person in possession, but not a party to the action, appeals. Reversed.

Argued before INGRAHAM, P. J., and McLAUGHLIN, CLARKE, SCOTT, and DOWLING, JJ.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

B. F. Norris, of New York City, for appellant.

Maurice Deiches, of New York City, for respondents.

SCOTT, J. [1, 2] The appeal is taken by one Catherine R. Ahearn, not a party to the action, who claims to be in possession under a contract of sale, and to have been so since a period prior to the filing of the lis pendens. That she is so in possession is not denied, and it is manifest that the action cannot, under the circumstances, proceed to judgment until she is brought in. Nor should a receiver have been appointed until she was made a party.

The order must therefore be reversed, with $10 costs and disbursements, and the motion for the appointment of a receiver denied, with leave to renew after the appellant has been brought in as a party. All concur.

---

(155 App. Div. 228.)

### In re MERRITT'S ESTATE.

(Supreme Court, Appellate Division, First Department. February 7, 1913.)

1. TAXATION (§ 886½*)—INHERITANCE TAX—RATE OF TAXATION—"WIFE"—"WIDOW."

A bequest by a testatrix to her son's wife, who before the death of testatrix obtained an absolute divorce from the son, was not a bequest to either the "wife" or the "widow" of the son, within Tax Law (Consol. Laws 1909, c. 60) § 221, providing a tax of only 1 per cent. on property passing by a will to the wife or widow of a son.

[Ed. Note.—For other cases, see Taxation, Dec. Dig. § 886½.*

For other definitions, see Words and Phrases, vol. 8, pp. 7456–7460.]

2. TAXATION (§ 886½*)—INHERITANCE TAX—RATE OF TAXATION.

[Ed. Note.—For other cases, see Taxation, Dec. Dig. § 886½.*]

3. TAXATION (§ 886½*)—INHERITANCE TAX—RATE OF TAXATION.

Where a legatee renounces a legacy in whole or in part, the part renounced is taxable as if originally given by the will to those who then take it, and not at the rate applicable to a legacy to the original legatee.

[Ed. Note.—For other cases, see Taxation, Dec. Dig. § 886½.*]

Appeal from Order of Surrogate, New York County.

Proceeding for the assessment of the transfer tax on the estate of Julia Merritt, deceased. From an order of the surrogate, affirming an order of the appraiser determining the cash value of certain prop-