DIME SAVINGS BANK OF BROOKLYN, Appellant, *v.* BECKEY
ALTMAN, Respondent, Impleaded with Others.

Argued June 2, 1937; decided July 13, 1937.

*Denis M. Hurley* and *James J. Manogue* for appellant. The decision of the Appellate Division reversing the judgment entered upon the direction of a verdict was

prejudicial and erroneous. (*Prudential Sav. Bank* v. *Madewell Homes Corp.*, 241 App. Div. 771; *Wallace* v. *Berdell*, 101 N. Y. 13; *Fagan* v. *McDonnell*, 115 App. Div. 89; 191 N. Y. 515; *Vogel* v. *Nachemson*, 137 App. Div. 200; 199 N. Y. 535; *Sullivan* v. *Rosson*, 223 N. Y. 217; *Thomson* v. *Erskine*, 36 Misc. Rep. 202.) The mortgage contains a receivership clause and an assignment of rents clause, each of which constitutes a distinct and exclusive means of extending the lien of the mortgage to the rents after default. (*Schwarz* v. *Alexander*, 178 App. Div. 641; *Swan* v. *Inderlied*, 187 N. Y. 372; *Bank of Manhattan Trust Co.* v. *571 Park Ave. Corp.*, 263 N. Y. 57; *Patterson* v. *Meyerhofer*, 204 N. Y. 96; *Katz* v. *Goodman*, 238 N. Y. Supp. 700; *Thomson* v. *Erskine*, 36 Misc. Rep. 202; *Sullivan* v. *Rosson*, 166 App. Div. 68; 223 N. Y. 217; *Post* v. *Dorr*, 4 Edw. Ch. 412; *Hollenbeck* v. *Donnell*, 94 N. Y. 342; *Fletcher* v. *Krupp*, 35 App. Div. 586; *Metropolitan Life Ins. Co.* v. *Childs Co.*, 230 N. Y. 285; *Monica Realty Corp.* v. *122–5th Ave. Corp.*, 264 N. Y. 52; *Holmes* v. *Gravenhorst*, 263 N. Y. 148.)

*Robert Abelow* and *Matthew Lilling* for respondent. The entry of the mortgagee into possession of the premises was unlawful; lawful entry is a condition precedent to the right to rents. (*Herrmann* v. *Cabinet Land Co.*, 217 N. Y. 526; *Becker* v. *McCrea*, 193 N. Y. 423; *Howell* v. *Leavitt*, 95 N. Y. 617; *Deutsch* v. *Haab*, 135 App. Div. 756; *Barson* v. *Mulligan*, 191 N. Y. 306; *Sullivan* v. *Rosson*, 223 N. Y. 217; *Kellogg* v. *Kellogg*, 6 Barb. 116; *Cooper* v. *Stower*, 9 Johns. 331; *Abrams* v. *Thompson*, 251 N. Y. 79; *Prudence Co.* v. *160 West Seventy-Third St. Corp.*, 260 N. Y. 205; *Holmes* v. *Gravenhorst*, 263 N. Y. 148; *Freedman's Sav. & Trust Co.* v. *Shepherd*, 127 U. S. 494; *Matter of Banner*, 149 Fed. Rep. 936.) Considerations of public policy should forbid the mortgagee from obtaining possession without an agreement from the owner or without foreclosure and sale. (*Teal* v. *Walker*, 111 U. S. 242; *Prudential Ins. Co.* v. *Liberdar*

*Holding Corp.*, 74 Fed. Rep. [2d] 50; *Orr* v. *Bennet*, 135 Minn. 443; *Barson* v. *Mulligan*, 191 N. Y. 306.) The owner is entitled to recover substantial damages for the unlawful entry. (*Sheehan* v. *Spring Valley Wood Prod. Corp.*, 194 App. Div. 119; *Miller* v. *Clary*, 210 N. Y. 127; *Faulkner* v. *Cody*, 45 Misc. Rep. 64; *Marvin* v. *Lewis*, 61 Barb. 49; *Homestead Co.* v. *Valley R. R.*, 17 Wall. [U. S.] 153; *Vandevoort* v. *Gould*, 36 N. Y. 639; *Jackson* v. *Wood*, 24 Wend. 443; *City of Syracuse* v. *Hogan*, 234 N. Y. 457; *Abounader* v. *Strohmeyer & Arpe Co.*, 243 N. Y. 458; *Goodtitle* v. *Tombs*, 3 Wils. K. B. 117; *Willis* v. *McKinnon*, 178 N. Y. 451; *Bunke* v. *New York Tel. Co.*, 110 App. Div. 241; 188 N. Y. 600.)

CRANE, Ch. J. Appellant brought action to foreclose a mortgage in the sum of $4,000 on premises located in Brooklyn, owned by respondent. An answer was interposed by respondent setting up, in addition to a general denial, two counterclaims, each demanding judgment for $3,150. These counterclaims are referred to by respondent as one in ejectment, and one for trespass for mesne profits.

The facts giving rise to the counterclaims are these: The respondent took the premises in question subject to the mortgage to appellant. That mortgage contained the clause: " That the holder of this mortgage, in any action to foreclose it, shall be entitled (without notice and without regard to the adequacy of any security for the debt), to the appointment of a receiver of the rents and profits of said premises; and in the event of any default in paying said principal or interest, such rents and profits are hereby assigned to the holder of this mortgage as further security for the payment of said indebtedness." In February, 1934, respondent failed to pay the interest due, amounting to $43.97. Taxes due from May, 1933, amounting to $204.50, and water rents in the sum of $16.50 had not been paid.

Appellant, attempting to take advantage of the assignment of rents' provision in the mortgage, directed a letter to respondent and to the tenants on the mortgaged premises on April 11, 1934, notifying them that it thereby entered upon and took possession of the premises, and directing tenants to pay all rents, issues and profits to it, or its representative. Respondent resisted the action of appellant, protesting by letter and directing it to cease collecting rents. She also instituted summary proceedings against the tenants who had been paying rent to the appellant. Six weeks after the appellant's entry upon the premises, this action to foreclose the mortgage was started.

Respondent moved for an order framing issues to be tried by a jury, and appellant made a cross-motion for summary judgment. The Special Term heard both motions, denying the motion to frame the issues and granting the motion for summary judgment. Respondent appealed and the Appellate Division reversed both orders. In a *per curiam* opinion it held that the acts of plaintiff were illegal and that the assignment of rents did not vest it with possession at the time of default. The court further stated: " Inasmuch, however, as the default in the terms of the mortgage is not disputed, the rents in any event belonged to the respondent (plaintiff) and damages, if any, resulting from the wrongful withholding of possession and trespass, must be predicated on elements other than the collection of such rents and their application to the reduction of the indebtedness." (246 App. Div. 823.)

Thereafter issues were framed for the trial by the Appellate Division in the following form:

" 1. Did the defendant, Beckey Altman, sustain any damages by reason of the admitted fact that the plaintiff, The Dime Savings Bank of Brooklyn, took possession of her property on April 11, 1934, and withheld possession thereof from said owner, Beckey Altman?

" 2. If the defendant, Beckey Altman, did sustain any damages, state the amount thereof."

On January 24, 1936, appellant notified respondent that it gave up possession.

A trial was had before Mr. Justice HOOLEY and a jury. In February, 1936, just prior to this trial, a receiver was appointed. On the trial respondent attempted to prove the amount of rents collected from the tenants during the period from April 11, 1934, to January 24, 1936, but the court rejected such proof, feeling that it was bound by the decision of the Appellate Division that damages must be predicated upon elements other than rents collected. Respondent also attempted to prove legal expenses in fighting for possession of the property. This was also rejected as an improper element of damage. Respondent then sought to prove by an expert the value of the use and occupation of the premises, and objection to this was sustained. No other evidence was offered and the court directed the jury to answer the first question " Yes " and the second question " Six cents." Respondent moved for a direction that she be entitled to recover costs and this was denied.

On March 6, 1936, the issues raised in the foreclosure came on for trial at Special Term and judgment was granted in favor of plaintiff for the relief demanded in the complaint. The judgment of foreclosure and sale embodies a judgment entered on the jury's verdict. On April 28, 1936, respondent appealed from that part of the judgment of foreclosure and sale which awarded her six cents upon the counterclaims and from the order denying her costs.

The Appellate Division reversed that part of the judgment appealed from and ordered a new trial upon the framed issues. It dismissed the appeal from the order refusing to allow costs. In its opinion, it held that the ruling that defendant could not recover for legal expenses was correct, but that defendant was entitled to recover damages for the trespass. It did not state any rule of

damage applicable. " The latter ruling of the trial justice," it said, " was warranted by an inadvertent statement by this court in the memorandum on the appeal from the order granting the motion for summary judgment." " Since plaintiff was not entitled to the rents and was not given the right to enter, it surely was guilty of a trespass and is liable for the damages during the period of its unlawful possession." (249 App. Div. 174, 176, 177.)

Appellant appeals here from the order granting a new trial, giving the required stipulation for judgment absolute. The judgment entered upon the verdict was in favor of respondent for six cents, and appellant took no appeal from that judgment. Judgment in favor of defendant follows no matter what this court decides. The only question is, whether respondent here is entitled to nominal damages or substantial damages. Whether a stipulation for judgment absolute were given or not, the only question open on the new trial would be the question of damages.

The parties have directed argument here to the question whether appellant is liable for any damage at all, *i. e.*, whether it had the right to enter into possession and collect the rents. That question is not open on this appeal. In the judgment entered after trial, it was decided that appellant was liable, but that respondent had not suffered any substantial damage. Appellant took no appeal from that judgment. The only question open to it is that the judgment so entered was correct and that the reversal of that judgment and the order granting a new trial is erroneous.

The Appellate Division failed to lay down any rule of damage applicable in this case for the guidance of the trial court. As stated, respondent attempted to prove three things: (1) amount of rents collected; (2) legal expenses to which she was put; (3) the reasonable value of the use and occupation. She offered no other proof of

damage. There is no evidence in the record as to the disposition of the rents collected by appellant, although there is an intimation in its brief that some expenditures were made for upkeep and repairs. It is conceded that there was a default by respondent, and an entry by the mortgagee without legal right and a collection of rents by it. An accounting as to these rents will, of course, be made when the foreclosure action is finally disposed of.

In an action to recover mesne profits the general rule is that the compensation is to be measured by the annual income of the land during the time possession is withheld. (Sedgwick on Damages, § 908.) Section 990 of the Civil Practice Act provides: " In an action to recover real property, or the possession thereof, the plaintiff may demand in his complaint, and in a proper case recover, damages for withholding the property. Those damages include the rents and profits or the value of the use and occupation of the property where either can be recovered legally by the plaintiff." Section 1011 provides that in an action to recover real property or the possession thereof, plaintiff is entitled to recover as damages the rents and profits or the value of the use and occupation, and " Where permanent improvements have been made in good faith by the defendant or those under whom he claims, while holding, under color of title, adversely to the plaintiff, the value thereof must be allowed to the defendant in reduction of the damages of the plaintiff, but not beyond the amount of those damages." " The defendant need of course return only profits in the ordinary sense — that is, the gross receipts, less expenses." (Sedgwick on Damages, § 909.)

In the case at bar there would seem to be no question whether rents and profits received or value of use and occupation is the proper measure of recovery. Had appellant seized the property and then made leases with various individuals, there might be some question that the reasonable value of the use of the premises exceeded the rents received. Here, however, respondent made

the leases and appellant apparently collected the rents called for by those leases. The rents collected would be the proper damages recoverable. Appellant received these rents under what it believed to be a proper assignment to it, and took them under claim of right. Its entry was peaceable, not forceful. Respondent was in default in her obligations to appellant. It would seem that respondent would be entitled to recover the net rents collected, *i. e.*, the gross rents less the necessary costs of taxes and maintenance, if any, paid by appellant. This would properly include costs of upkeep and necessary repairs, but would not include the expenses of a collecting agent or other representative of appellant.

The measure of damage was stated in *Wallace* v. *Berdell* (101 N. Y. 13).

" In *Woodhull* v. *Rosenthal* (61 N. Y. 394) the rule of damages is stated by Dwight, Commissioner, to be the *rental value* of the premises recovered; and the whole subject is provided for by the Code of Civil Procedure, which provides (§ 1496) that in an action to recover real property or the possession thereof, the plaintiff may demand in his complaint, and in a proper case recover, damages for withholding the property, and section 1497, that ' those damages include the *rents and profits* or the *value* of the use and occupation of the property where either can be legally recovered,' and section 1531 uses the same language as to the amount of damages allowed in ejectment, viz.: ' The rents and profits or the value of the use and occupation of the real property recovered,' so this may be regarded as the legislative definition of the ancient technical term ' mesne profits ' used in the opinion. The term ' *value of the rents* ' employed in the order, does not essentially depart from this definition.

" It would be manifestly unjust to confine the owner of the property withheld from him to the rents actually received by the party required to make restitution. The owner should have either those rents, or the rental value,

as may be just under the circumstances. In either case, payments necessarily made for taxes and ordinary repairs would be involved in ascertaining the rents received or the rental value. The *mesne* profits consist of the net rents after deducting all necessary repairs and taxes, or the net rental value, or the value of the use and occupation. That is all of which the party from whom the possession has been withheld has been deprived. For this he should be made whole, and he should not suffer from any mismanagement, negligence or improvident expenditure by the party in possession. On the other hand he should not be relieved from any necessary diminution of the gross rents or rental value, or gross value of the use and occupation, to which he would have been himself subjected had he not been disturbed in his possession " (p. 15).

The same rule is followed in *Fagan* v. *McDonnell* (115 App. Div. 89; affd., 191 N. Y. 515). " The statute intends that the plaintiff shall have indemnity (see *Wallace* v. *Berdell*, 101 N. Y. 13), and we think that, under the circumstances disclosed, the plaintiff will be fully indemnified if the value of the use and occupation is determined by deducting the actual expenses shown to have been incurred from the gross rental value of the property, which was more than the actual receipts " (p. 97). Here the court allowed items for repairs, interest on the mortgage (mortgagee was third party), services for janitor, etc. See, also, *Holly* v. *Gibbons* (177 N. Y. 401, 402), where it was stated: " Such restoration (provision for restitution of real property) should be accompanied by an accounting with respect to the rents and profits, after proper deductions for taxes and ordinary repairs. (*Murray* v. *Berdell*, 98 N. Y. 480; *Wallace* v. *Berdell*, 101 N. Y. 13.) "

Respondent claims that she can recover, in addition, interest on the sums collected, reasonable counsel fees, and those damages that a jury might assess for unlawful

trespass. Here there was no force, nor any facts that would warrant aggravated damages. There was no proof offered of any waste or damage to the freehold.

It is suggested that even as to the rents collected, respondent has not been damaged since these rents will be applied on the mortgage indebtedness. Since respondent took the premises only subject to the mortgage, without assuming the mortgage, she would not be liable for a deficiency. Even if she were liable on the mortgage, a deficiency judgment might not be allowed under the provisions of the moratorium statute. The law of the case is that appellant is a trespasser, and had no right to collect the rents. Respondent is, therefore, damaged to the extent of any rents collected in excess of the amounts properly deductible. It does not appear in this record what those amounts are. The new trial was properly ordered for the purpose of ascertaining how much rent was collected between April 11, 1934, and January 24, 1936, or whenever appellant surrendered possession.

Thus far we have considered the case from the standpoint that appellant had no right to enter into possession and collect the rents under the assignment clause in the mortgage. As before stated, such is the law of this case, so that we may not consider whether appellant was in fact justified in so interpreting that provision in the mortgage. The case of *Sullivan* v. *Rosson* (223 N. Y. 217) is cited by the Appellate Division as authority for holding that the mortgagee had no right to seize the rents. Construing a similar clause, this court said: " The mortgage as it relates to the real property therein described is not an absolute conveyance, but a pledge of property as security for the debt. It would appear that the assignment of rent in this case is of the like character as the conveyance of real property and not intended as an absolute transfer thereof. * * * A senior mortgagee desiring to obtain such rents to apply upon his mortgage should actually possess himself of them or of the right to

73

them through some mutual arrangement therefor, or he should make application to the court to have the receivership extended for his benefit " (p. 224). The court quoted from *Matter of Banner* (149 Fed. Rep. 936) the following language: " That a mortgagee out of possession can, upon the instant of a default in mortgage interest, become to all intents a landlord of the mortgaged building, seems to me something not to be encouraged " (p. 939).

What procedure the mortgagee should follow to obtain the rents when he does not desire a receivership we may leave for discussion at a later day. Apparently in some jurisdictions a formal demand made of the mortgagor and a refusal have been accepted as sufficient to justify a collection of the rents and income. (*Freedman's Sav. & Trust Co.* v. *Shepherd*, 127 U. S. 494, 502.)

The order should be affirmed and judgment absolute ordered against the appellant on the stipulation, with costs in all courts.

O'BRIEN, HUBBS, LOUGHRAN, FINCH and RIPPEY, JJ., concur; LEHMAN, J., concurs in result.

Ordered accordingly.