FRANK L. WEIL, WILLIAM E. RUSSELL and RAYMOND J. SCULLY, as Trustees under a Declaration of Trust Dated April 7, 1936, and a Plan of Reorganization of Series C-2 Mortgage Investments Approved by an Order of the Supreme Court of the State of New York, Entered on the 16th Day of January, 1936, Appellants, Respondents, v. DARCEY REALTY Co., INC., Respondent, Appellant, Impleaded with SELFRED REALTY Co., INC., and Others, Defendants.

KENNETH FISK, Receiver, Respondent.

Separate appeals by the plaintiffs from an order of the Supreme Court, entered in the New York county clerk's office on July 3, 1940, granting motion by defendant Darcey Realty Co., Inc., to vacate an order of said court dated May 29, 1940, appointing a receiver of the premises described in the complaint, and to direct said receiver to pay over the rents collected from said premises to said defendant; and from an order of said court, entered in said clerk's office on August 8, 1940, resettling on said defendant's motion said order of July 3, 1940.

Appeal by the defendant Darcey Realty Co., Inc., from an order of the Supreme Court, entered in the New York county clerk's office on October 1, 1940, settling the account of the receiver.

Order of August 8, 1940, reversed, without costs, and motion to resettle order of July 3, 1940, denied; and order of July 3, 1940, affirmed, without costs. Order of October 1, 1940, affirmed, with twenty dollars costs and disbursements to the respondents. No opinion.

Present — Martin, P. J., O'Malley, Untermyer, Dore and Callahan, JJ.; O'Malley, J., dissents in opinion.

O'MALLEY, J. (dissenting). The question presented is whether, in the circumstances hereinafter disclosed, a receiver in foreclosure is entitled to credit for taxes paid out of income.

From the records on appeal it appears that plaintiffs instituted this action in foreclosure on May 29, 1940. The mortgage provided that after any default in payment of principal, interest and taxes, the mortgagee might take possession and collect all rents and, after payment of necessary charges and expenses, apply them on account of the indebtedness. It provided also that the holder of the mortgage in any action to foreclose should be entitled to the appointment of a receiver of the rents and profits without notice as a matter of right. This action to foreclose was instituted for failure to pay taxes.

Defendant-appellant Darcey Realty Co., Inc. (hereinafter called Darcey Realty) was not made a party though it was the record owner of the premises as of January 20, 1940, and though the fire insurance policies in possession of plaintiffs insured such company as owner, and the interest due on March 1, 1940, on the mortgage was paid March 19, 1940, by its corporate check.

The receiver herein, employed by plaintiffs as their real estate manager, was appointed receiver *ex parte* on the day the action was instituted. On June 21, 1940, Darcey Realty, appearing specially, moved to vacate the order appointing a receiver and for a direction that he turn over the rents, issues and profits collected by him.

While this motion (the affidavits on which called plaintiffs' attention to the fact that the owner of the equity had not been made a party) was pending, the receiver paid out of the income collected by him under the *ex parte* order taxes in the sum of $2,600. The motion to vacate the *ex parte* appointment of the receiver was granted by order dated July 2, 1940, and entered on July 3, 1940, which directed the receiver to pay to the owner all rents " remaining on hand and unexpended."

Upon motion, this order was resettled by order dated August 7, 1940, and entered on August 8, 1940, so as to direct the receiver to pay over " all the rents, issues and profits of the premises collected " by him.

In settling the accounts of the receiver, another justice at Special Term permitted the deductions of taxes and other expenses paid. The order of resettlement of August 8, 1940, was in the circumstances a direction that the receiver appointed in an action to which the owner of the equity was not made a party, should pay to such owner all of the rents, issues and profits without deductions. While not binding on this court, the order as resettled should have been followed by the justice of co-ordinate jurisdiction and it was improper for him to allow deductions in view of the order.

As the owner of the equity was not made a party, it was improper to appoint a receiver against it. (*Webber* v. *Ahearn*, 155 App. Div. 892; *Berger* v. *Berger*, 234 id. 887.)

Respondents rely upon the case of *Dime Savings Bank* v. *Altman* (275 N. Y. 62) as authority for the receiver's right to deduct for expenditures made by him

with respect to the property. That case is authority for the proposition merely that in an action for ejectment or to recover on the theory of trespass for mesne profits, the measure of damages consists " of the net rents after deducting all necessary repairs and taxes, or the rental value, or the value of the use and occupation " (p. 71).

This rule of damages was predicated upon the decision in *Wallace* v. *Berdell* (101 N. Y. 13), which in turn followed *Woodhull* v. *Rosenthal* (61 id. 382). In the case last mentioned, it was stated with respect to this rule of damages: " * * * It is only a *bona fide* occupant of land who is allowed to mitigate the damages by offsetting the value of his improvements to the extent of the rents and profits claimed. This was the rule of the civil law which has gone furthest in allowing this class of defences. The mitigation of damages in this manner is made on equitable grounds, and it would be plainly inequitable to allow them to one who acted with knowledge of the plaintiff's rights. [Citing cases.] As the defendants had full means of knowledge of the plaintiff's claim, they cannot bring themselves within this rule. Moreover, the improvements did not *increase the value* of the plaintiff's interest. The rule of the civil law was, that the *bona fide* possessor was entitled to be reimbursed, by way of indemnity, the expenses of beneficial improvements, so far as they augmented the property in value, on the ground that no one ought to be enriched at the expense of another " (pp. 396–397).

As already stated, the records on these appeals disclose that Darcey Realty was the record owner of the premises; that the insurance policies held by the plaintiffs designated that company as the owner and that prior to institution of the action, such corporation by its own check had paid interest. Furthermore, after institution of the action and before payment of taxes, the motion to vacate the *ex parte* order appointing the receiver was made. The papers on which it was based called specific attention to the fact that the owner of record had not been made a party.

It has been held that a mortgagee desiring to obtain rents to apply upon the mortgage should either possess himself of such rents or of the right thereto through some mutual arrangement or by having a receiver appointed for his benefit. (*Sullivan* v. *Rosson*, 223 N. Y. 217, 224; *Dime Savings Bank* v. *Altman, supra,* pp. 72–73.) The receiver herein, therefore, should not in my opinion be entitled to this equitable deduction for expenditures made in connection with the property, under the circumstances.

The owner of the equity, Darcey Realty, had taken the premises *subject* to the mortgage. It was bound neither by privity of contract nor of estate to apply the rents, issues and profits to the mortgaged premises so far as the mortgagees were concerned. Until a receiver was properly appointed, it was entitled to use the moneys for any of its corporate purposes, and not necessarily for the protection of the mortgagees.

I, therefore, vote for affirmance of the order of August 8, 1940, dismissal of the appeal from the order of July 3, 1940, and for reversal of the order settling the accounts of the receiver in so far as it grants him credit for deductions made in connection with the mortgaged premises.