■ LONGWORTH MORTGAGE COMPANY, Respondent, v. BUILDERS FABRICATORS, INC., Appellant, et al., Defendants.— In an action to foreclose a mortgage on real property, appellant's answer, in addition to denials, sets forth (1) a defense that respondent, the mortgagee, is conducting an illegal banking business and that the mortgage is therefore void; (2) a defense and counterclaim that respondent unlawfully took possession of the mortgaged premises and excluded appellant therefrom, and (3) a defense and counterclaim that respondent continued the trespass after notice from appellant. The appeal is from an order of the County Court, Nassau County, insofar as said order (a) denied appellant's motion to frame issues raised by the counterclaims and the reply

thereto and for a jury trial; (b) struck out appellant's counterclaims pursuant to subdivision 5 of rule 109 of the Rules of Civil Practice; (c) struck out appellant's answer and the counterclaims therein alleged, pursuant to rules 113 and 114 of the Rules of Civil Practice, and (d) referred the action to a referee to compute. Order modified by striking from the third and fourth ordering paragraphs the name "Builders Fabricators Inc." and by adding to said order an additional ordering paragraph stating that the answer of Builders Fabricators, Inc., be struck out upon the ground that it does not raise any triable issue of fact. As so modified, order, insofar as appealed from, unanimously affirmed, with $10 costs and disbursements to respondent. The counterclaims should have been struck out under rule 113 of the Rules of Civil Practice, but not under subdivision 5 of rule 109. The undisputed facts show that after appellant defaulted on the mortgage in suit and on prior mortgages, the parties entered into an agreement granting to respondent possession of, and dominion over, the mortgaged premises. Respondent took possession, received the rents, and appellant acquiesced therein. No triable issue is presented. The facts are not governed by *Dime Sav. Bank* v. *Altman* (275 N. Y. 62), where the mortgagee took possession under a mere assignment of rents. Present — Nolan, P. J., Murphy, Ughetta, Hallinan and Kleinfeld, JJ.