■ · JOSEPH RAE, Respondent, v. SUTBROS REALTY CORP. et al., Appellants. —In an action to recover real property, to recover damages for withholding said property, and for other relief, the appeal is from a judgment entered after trial before a Special Referee, to whom the action had been referred to hear and determine, adjudging that respondent has been since January 15, 1954, and now is, the fee owner of the property, that he is entitled to immediate possession of said property, and awarding him damages of $12,500. Judgment reversed on the law and the facts, without costs, interlocutory judgment directed adjudging that respondent has been since January 15, 1954, and now is, the fee owner of the property and is entitled to immediate possession of said property, and action remitted to the Trial Term for further proceedings not inconsistent with the views hereinbelow set forth. Findings of fact insofar as they may be inconsistent herewith are reversed, and new findings are made as indicated herein. For the withholding of the subject real property, respondent was entitled to money damages consisting of either " the rents and profits or the value of the use and occupation of the property " (Civ. Prac. Act, §§ 990, 1011), depending on what " may be just under the circumstances" of the case (*Dime Sav. Bank* v. *Altman*, 275 N. Y. 62, 71). However, the term " rents and profits " means the net rents and profits, that is, the money actually collected out of the use of the disputed parcel, including wharfage collections, less the money expended on maintaining the land and facilities used in order to realize said rents; the value of the use and occupation of the property means the net value, taking into consideration the necessity of maintaining the property (*Dime Sav. Bank* v. *Altman, supra*). *Steers* v. *City of Brooklyn* (101 N. Y. 51) is distinguishable. There the plaintiff had his own wharfage facilities and might have realized the same gross rentals as the defendant did, without the necessity of incurring the costs of maintenance that the defendant did on the pier which it built. Here the learned Referee erred in rejecting evidence as to maintenance costs. Further, it appears that the evidence as to the rents and profits, which gave only the lump sum received in each of the years and portion of a year in question, included rents and profits derived from the use of land other than the disputed parcel, certain upland contiguous to the disputed parcel. It was error to include rents and profits earned from the said other land. The evidence as to rental value was not clear and therefore does not afford a reliable basis upon which to make a determination on that theory. The issues concerning damages should be retried. Wenzel. Acting P. J., Murphy, Ughetta, Hallinan and Kleinfeld, JJ., concur. [See *post*, p. 718.]