Louis L. Friedman, J.
In this action for ejectment and money damages plaintiff moves for an order pendente lite fixing the reasonable value for the use and occupation of defendant’s apartment and directing the same to be paid into court.
The facts as presented by the papers reveal that plaintiff purchased the premises from the defendant’s sister-in-law subject to defendant’s alleged tenancy in the sum of $105 per month. Prior to the conveyance to the plaintiff, the seller and her brother, who is the defendant’s husband, were joint owners of the premises, having acquired title in 1943. Since that date defendant has continuously occupied the subject apartment with an alleged oral understanding and agreement between them that upon her sister-in-law recovering $5,000 in rents that she, the defendant, would then become a part owner. However, prior to the conveyance to the plaintiff, the defendant’s husband, because of his marital difficulties with the defendant, conveyed his one-half interest to his sister who, in turn, sold the premises to the plaintiff. It is argued by the defendant that she has an equitable lien on the premises and that the transactions were a subterfuge to wipe out her interest and to force her eviction from the premises. Plaintiff admits that she instituted summary proceedings in the Municipal Court to evict the defendant but that the petition was dismissed on the ground that plaintiff was unable to establish the relationship of landlord and tenant. As a result of this determination the plaintiff instituted the present action and the resulting motion.
*203 Sections 990 and 1011 of the Civil Practice Act, relating to actions to recover real property or the possession thereof, allow a plaintiff the right to demand in his complaint damages for the withholding of the property including the value of the use and occupation of the property where it can be recovered legally by the plaintiff (Dime Sav. Bank v. Altman, 275 N. Y. 62; Rae v. Sutbros Realty Corp., 6 A D 2d 716, motion for leave to appeal denied 5 N Y 2d 800). A plaintiff seeking such damages must prove all the essential elements of a right to recover, such as his title and a re-entry, defendant’s liability by reason of possession and the amount of damages. The burden of proof is on a plaintiff who claims such damages to establish the value of them by satisfactory evidence. The damages must be proved with that reasonable degree of certainty necessary to form the basis of a judgment (28 C. J. S., Ejectment, p. 1030, § 138). Apparently this can only be done at the time of trial and not on a motion of this nature predicated upon affidavits.
Not only would it be improper and premature for the court to fix plaintiff’s damages at this time before the action is tried, but the court would be fixing the value of the use and occupation on the flimsy and meagre information set forth in the affidavit of a biased and partial witness, the plaintiff’s husband. The fixation of a rental for use and occupation would, because of the defendant’s financial circumstances, be tantamount to granting the plaintiff her entire relief of ejectment.
Accordingly the motion is denied in all respects.
Submit order.