■ CHARLES BERNEY et al., Respondents, v. NATHAN L. BRODIE et al., Appellants.— In an action for ejectment and to recover money damages resulting from the withholding of possession of the land in question, defendants appeal from a judgment of the Supreme Court, Putnam County, entered May 11, 1965, upon the court's formal decision after a nonjury trial, which *inter alia* adjudged plaintiffs to be the owners in fee of said real property; awarded the possession thereof to plaintiffs; adjudged plaintiffs to be the owners of a building constructed by defendants upon plaintiffs' land; and severed defendants' counterclaim for separate trial and determination of (a) plaintiffs' money damages for such withholding of possession and (b) defendants' offset thereto, etc. Judgment modified on the law (1) by amending its third decretal paragraph so as to make its provisions contingent upon (a) reimbursement by plaintiffs to defendants of an amount equal to the value of the 10% of the building constructed by defendants which does not encroach upon plaintiffs' land, plus an amount equal to the value of the defendants' land upon which such 10% of the building is constructed and (b) the conveyance by defendants to plaintiffs of the unencumbered fee title thereto; (2) by striking out its fourth decretal paragraph; (3) by substituting therefor a provision which (in accordance with Real Property Actions and Proceedings Law, § 601) shall limit defendants' offset for the value of permanent improvements made by them in good faith on plaintiffs' land to the amount of damages, if any, sustained by plaintiffs as the result of defendants' withholding of possession thereof from plaintiffs; and (4) by adding, as an alternative to the provisions of the third and fourth decretal paragraphs as hereby modified, a new decretal paragraph permitting defendants (a) to remove the encroaching building from plaintiffs' land; (b) to pay to plaintiffs the damages, if any, sustained by them as a result of the withholding from them of possession; and (c) to restore plaintiffs' land to its original state. As so modified, the judgment is affirmed, without costs, and the action is remitted to the court below for the purpose of taking testimony with respect to the foregoing values and damages and the entry of an appropriately amended judgment. The findings of fact are affirmed. The third decretal paragraph of the judgment appealed from, to the effect that " the plaintiffs are the owners of the building" in its entirety is inconsistent with the court's finding of fact numbered 12, namely, that only " approximately 90% " of the building erected by defendants encroaches on plaintiffs' land. In our opinion, since defendants seek equity on this appeal, they should be required to do equity by conveying to plaintiffs the other 10% of the building and the land upon which such 10% is erected, subject to compensation therefor or, in the alternative, which we have suggested in the exercise of this court's equity powers (*Roller* v. *Frankel*, 9 A D 2d 24), defendants should be permitted to remove the encroachment, restore plaintiffs' land to its original state and pay to plaintiffs the damages, if any, sustained by plaintiffs as a result of the withholding by defendants of plaintiffs' possession of the land due to such encroachment. Under section 601 of the Real Property Actions and Proceedings Law, defendants' right to recover the value of the permanent

improvements made by them in good faith is limited to the amount of damages, if any, sustained by plaintiffs as the result of defendants' withholding from plaintiffs of possession of the property by virtue of defendants' erection of the building thereon. Even though such improvement was made by defendants in good faith, there is no statutory authority for the recovery by defendants of the value thereof in an amount which exceeds plaintiffs' damages for the withholding of possession. Ughetta, Acting P. J., Brennan, Rabin and Hopkins, JJ., concur; Benjamin, J., dissents and votes to reverse and grant a new trial, with the following memorandum: Plaintiff Cecile Berney and defendant Sara Brodie are sisters; plaintiff Charles Berney and defendant Nathan Brodie are their respective husbands. In 1946 plaintiffs bought 2¼ acres of land in Putnam County for a Summer home. In 1958 defendants bought a 6-acre adjoining parcel for the erection of a Summer home for themselves. They chose that location because of the parties' long-standing friendship and family ties. Plaintiffs' attorney (who had represented them in 1946) represented defendants on the purchase of their land in 1958. From that time until this suit was started, that attorney represented both parties at various times, in their dealings with each other and with their property; and he is now one of plaintiffs' attorneys in this case. Soon after they bought their property, defendants started to build their house. At that time, the boundary line between plaintiffs' and defendants' parcels was uncertain, and neither of the parties knew just where it was. In that state of mutual ignorance, construction of the house was started. Plaintiffs did not object to the site chosen by defendants; indeed, defendants say that plaintiffs suggested that site. Moreover, plaintiffs permitted defendants to use their road and to cross their grounds to bring in construction materials; to use their water for the construction work; to tap into their electric pole for current; and to dump work materials on their property. They also helped defendants buy trees and plant them on their property. On these facts it seems clear that, when plaintiffs did not know just where their boundary line was, they gladly acquiesced and were completely satisfied that defendants build their house where it now is; they made no complaint until an accurate survey was thereafter made and they then learned that the house was on the boundary, with most of it on their side. If the boundary line were moved so that the house would be completely on defendants' side of it, plaintiffs would be fully satisfied with the location of the house and would not complain that it is too close to their own house or that it in any other way adversely affects their property. In light of all these circumstances, the most equitable solution of this dispute would be a judgment decreeing that defendants are the owners of the house and the land upon which it is built, and directing them to pay to plaintiffs the fair value of so much of the land under the house as now belongs to plaintiffs. We have the power to make such determination in the exercise of our inherent equity powers (*Roller* v. *Frankel*, 9 A D 2d 24).