■ FLORENCIO GOMEZ, Appellant, v MENDEL BOBKER et al., Respondents.

In December 1981, the defendants mortgagors Mendel Bobker and Ahuva Bobker, doing business as Masada Realty Co. (hereinafter Bobker), defaulted on consolidated mortgages held by the Dime Savings Bank of Williamsburgh (hereinafter Dime) covering an apartment building located at 1958 50th Street in Brooklyn. Dime commenced the instant foreclosure action in May 1982 and assigned the mortgage, which contained a rent assignment clause, to the plaintiff Florencio Gomez (hereinafter Gomez) on November 30, 1982. On December 1, 1982, Gomez posted a notice in the premises which notified the tenants that he was a "first mortgagee in possession" and further requested that the tenants pay rents and make requests for repairs to him. The Bobkers opposed and objected to Gomez's entry. On or about April 13, 1983, the Bobkers obtained an injunction from Special Term, Kings County (Rigler, J.), barring Gomez from entering upon and in any way managing or interfering with the mortgaged premises. Special Term found that Gomez was not a lawful mortgagee in possession.

At the subsequent foreclosure computation hearing, Gomez requested that $67,826.11, representing the "operating expen-

ses" he incurred during the period he was a mortgagee in possession, less $20,882.03 for rents he collected, be included in the amount of the judgment of foreclosure. The Bobkers objected to an award of any amount over the rents collected maintaining, *inter alia,* that Gomez was not a lawful mortgagee in possession. The Referee found that Gomez was not a mortgagee in possession but a volunteer who sought to preserve his investment, yet he accepted $39,851.46 as operating expenses incurred by Gomez.

Pursuant to a stipulation reserving the rights of the parties, a judgment of foreclosure was entered in the sum determined by the Referee. The plaintiff then moved for an order increasing the amount of the judgment by $20,517.71, and the Bobkers cross-moved for an order decreasing it by $20,124.56. At issue here is whether Special Term properly reduced the amount of the judgment of foreclosure by $18,445.48.

Special Term properly granted the cross motion reducing the amount of the judgment of foreclosure. It is established that entry upon mortgaged premises must be legal in its inception and, if not, entry constitutes a trespass *(Herrmann v Cabinet Land Co.,* 217 NY 526; *Dime Sav. Bank v Altman,* 249 App Div 174, 176, *affd* 275 NY 62). When the mortgage itself, as in the instant case, gives the mortgagee the right to enter and take possession of the mortgaged premises and receive the rents and profits, a formal demand made of the mortgagor and a refusal is sufficient to justify a collection of the rents and income *(see, Dime Sav. Bank v Altman,* 275 NY 62, 73, *supra; 1180 Anderson Ave. Realty Corp. v Mina Equities Corp.,* 95 AD2d 169, 173-174). In this case Gomez's entry was not preceded by a formal demand made to the Bobkers and was therefore not legal in its inception and constituted a trespass.

A mortgagee in unlawful possession has no right to collect the rents and is liable to the mortgagor for the *mesne* profits—the amount of any rents collected in excess of the amounts properly deductible—during the period of his unlawful possession *(see, Dime Sav. Bank v Altman,* 275 NY 62, 72, *supra).* The amounts properly deductible by the mortgagee consist of all necessary repairs and taxes *(see, Woodhull v Rosenthal,* 61 NY 382). However, a mortgagee out of possession is not to be encouraged to become for all intents a landlord of the mortgaged building upon a default *(see, Sullivan v Rosson,* 223 NY 217, 226), and the mortgagor " 'should not suffer from any mismanagement, negligence or improvident expenditure by the party in possession' " *(Dime Sav. Bank v Altman,* 275 NY 62, 71, *supra).* Additionally, a mortgagee in unlawful posses-

sion is entitled to the value of permanent improvements made in good faith but not beyond the value of the *mesne* profits *(see,* RPAPL 601; *Berney v Brodie,* 26 AD2d 679). In this case, Gomez became for all intents the landlord of the mortgaged building. At a maximum he is entitled to offset the cost of necessary repairs and taxes against the rents collected. To the extent Bobker allowed Gomez the full amount of the rents he collected as an offset for his "operating expenses", Gomez obtained the maximum allowable offset and was entitled to no more. Mangano, J. P., Niehoff, Kooper and Spatt, JJ., concur.