*748
 
 OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be reversed, with costs, and the order of the Supreme Court reinstated.
 

 Plaintiff builder constructed a home for defendants Brazauskas on a parcel of land belonging to defendant Kraft due to the Brazauskas’ mistaken belief as to the true location of their land. Under these unique circumstances, Supreme Court properly exercised its equity jurisdiction in directing plaintiff, whom it found "blameless,” to remove the construction, restore defendant Kraft’s land to its preconstruction condition and reimburse him for any damages caused by the removal
 
 (see, Berney v Brodie,
 
 26 AD2d 679). Strict application of the doctrine of accession, which would entitle the true landowner to retain the house
 
 (see, People ex rel. International Nav. Co. v Barker,
 
 153 NY 98, 100-101), would result in a windfall to defendant Kraft
 
 *
 
 and is inappropriate here, where the proposed remedy of removal is feasible, can make the true owner whole
 
 (see generally,
 
 Dickinson,
 
 Mistaken Improvers of Real Estate,
 
 64 NC L Rev 37 [1985]), and will avoid a forfeiture for plaintiff builder, who asserted no claim of title or right, but merely performed his contract with defendants Brazauskas.
 

 Chief Judge Kaye and Judges Simons, Titone, Bellacosa, Smith, Levine and Ciparick concur in memorandum.
 

 Order reversed, etc.
 

 *
 

 Defendant Kraft purchased the two lots comprising his parcel for $15,000 in 1993, and the house mistakenly constructed thereon was valued at approximately $70,000.