WILLIAM BRADLEY, Appellee, v. JOSEPH A. BROWN, Appellant.

| 86 | 359 |
| 117 | 440 |
| 86 | 359 |
| 118 | 69 |

Tax Titles: POSSESSION UNDER VOID DEED: LIABILITY FOR USE. Where a mortgagee entered into possession of the mortgaged premises under a void tax deed, *held*, that he was liable to the mortgagor for the rental value of the land during the time he was in possession under said deed, although his possession was in good faith, and he was unable through diligence to lease said land for its full rental value.

*Appeal from Lucas District Court.*—HON. H. C. TRAVERSE, Judge.

MONDAY, OCTOBER 17, 1892.

ACTION to recover the rents and profits of real estate. There was a judgment for the plaintiff, and the defendant appeals.—*Affirmed.*

*Stuart & Bartholomew* and *F. Q. Stuart*, for appellant.

*Michell & Penick*, for appellee.

GRANGER, J.—The plaintiff was the owner of eighty acres of land situated in Wayne county, Iowa. The land was regularly sold for taxes in October, 1882, and a certificate of sale issued to the defendant. In March, 1886, the defendant procured a tax deed to issue, and took possession of the land, and occupied the same by

his tenant to about March, 1889. In a suit instituted by the plaintiff against the defendant the tax deed was adjudged invalid because of a failure to give the required notice of the expiration of redemption, and the title of the land was quieted in the plaintiff. This action is to recover for the use of the land during the defendant's occupancy. But a single question is presented in the record, and that is, as to the correct measure of damage. The question arises upon an instruction given by the court as follows:

"*Fifth.* In the action of William Bradley against Joseph A. Brown, brought in the district court of Wayne county, Iowa, it was adjudicated that the tax deed to the premises in question, under which said Brown claimed title thereto and the right of possession thereof, was void and of no effect, and said tax deed was set aside. The decree of the court in that case also quieted the title to said premises in William Bradley. This being so, the plaintiff is entitled to recover of the defendant the fair and reasonable value of the use of said land for the time the defendant kept the plaintiff out of the possession of said land, and resisted his right to redeem the same from tax sale; that is, the fair rental value of said land during said time, considering the then condition of said land, the purposes for which said premises were adapted, and the purposes to which it was devoted or used. And the plaintiff is not necessarily limited in his recovery to the amount of rent that was received by the defendant therefor. To the amount that you find the plaintiff is entitled to recover, you may add six per cent. per annum interest thereon, from the time the same was due and payable."

It is the appellant's theory of the law that the measure of damage is the amount of rents "collected and received," provided, in his occupancy of the land, he acted in good faith, and used reasonable diligence and care in renting the same. The appellant asked

instructions in accord with this view, which were refused. We think the rule given by the court is the correct one. The contention against it is based largely, if not entirely, upon a prevailing rule as to mortgagees in possession of real property. Such a rule as to mortgagees obtained when, by the terms, the mortgagee was entitled to the possession, or when under the common law the title passed to the mortgagee, in either of which cases he held subject to the right of the mortgagor to redeem; and under such a situation it was the rule that "a mortgagee in possession, whether in person, by trustee, receiver, or by a tenant, is in equity accountable for the rents and profits of the estate, and is bound to apply them in reduction of the mortgage debt. * * * Therefore, upon a redemption of the mortgaged premises by anyone interested in them, he is obliged to state an account of his receipts from the mortgaged property, and he is entitled to allowances for all proper disbursements made by him in respect of the premises." Jones on Mortgages, section 1114. In the same section it is further said: "This liability of the mortgagee to account arises only when the mortgagee's entry and possession are in recognition of the mortgage. If he enters as a trespasser, or as the tenant of the mortgagor, whatever his liabilities may be, they are not to be enforced in equity under a bill for an account and for redemption." The next section, after discoursing upon the equitable right of the mortgagor to redeem from such a mortgagee in possession, says: "The mortgagee in possession takes the rents and profits in the quasi character of trustee or bailiff of the mortgagor." To constitute a "mortgagee in possession, for the application of the rule contended for, the possession must be with the assent of the mortgagor, or one having the right of possession." The question of a "mortgagee in possession" is well discussed in Rogers v. Benton, 38 N. W. Rep. (Minn.) 765. It was this pecu-

liar relationship that gave rise to and sustained the rule as to accounting for actual receipts rather than for a reasonable value, and we doubt if there is any authoritative support for the rule under other circumstances, even in cases of possession by mortgagees. Unguarded statements may have crept into opinions, where a necessity for precision in statement was not apparent or necessary, from which a broader rule might be claimed.

We are referred by the appellant to *Barnett v. Nelson*, 54 Iowa, 41, in which it is stated that, if the mortgagee in possession "had judiciously rented the premises to a third person, he would have been chargeable only with the amount of rent received." The case is within the rule we have stated. Looking at the case on the former appeal, 46 Iowa, 495, it will be seen that the possession of Barnett was held to be a trust. He was in possession at the instance of the mortgagor, "and liable to account." He was in no sense a trespasser or wrongdoer. He did not deprive the mortgagor of a rightful possession. But, were it the rule in all cases of possession by mortgagees that their liabilities were only for actual receipts, it would possess no merits to justify its extension to the facts in this case. In this case the defendant, although he acted in good faith, wrongfully took possession of the land of the plaintiff, and occupied it against the plaintiff's will. By diligence he was only able to obtain as rent one hundred dollars, when the reasonable rental was much more. The defendant lived at a distance from the land, and could not occupy it himself. But for this interference, the plaintiff could, we may assume, have used the land for what it was reasonably worth. Who, upon a sound principle of natural justice, should suffer this loss? We think the person who occasioned it. The rule of the district court was in accord with this view, and its judgment is AFFIRMED.