SALLY MARIA HOLLY, as Executrix of GEORGE HOLLY, Deceased, Respondent, *v.* EDWARD GIBBONS, Individually and as Executor of RANSOM H. GIBBONS, Deceased, Appellant, Impleaded with Another.

EQUITY — WHEN THE DIRECTION OF A NEW TRIAL ON THE REVERSAL OF AN ERRONEOUS JUDGMENT DOES NOT AFFECT RIGHT TO RESTITUTION UNDER SECTION 1323 OF THE CODE OF CIVIL PROCEDURE. Where by the reversal of an erroneous judgment in a creditor's action to compel an executor to sell real estate under a power of sale for the payment of debts, the appellant is entitled to a restitution of the property which is in the possession of the respondent, the fact that the judgment of reversal ordered a new trial does not affect the right to an immediate restitution of the property which should be accompanied by an accounting with respect to the mesne profits.

(Submitted February 8, 1904; decided February 16, 1904.)

MOTION to amend remittitur.   (See 176 N. Y. 520.)

*Per Curiam.*   Motion to amend remittitur by inserting a provision for restitution.   The effect of our reversal of the judgment of the Supreme Court, under which the "Jay Gibbons" and the "Huyck" farms were sold to the original plaintiff in this action, who was the present plaintiff's testator, was to entitle the appellant to a restitution of the property lost by the erroneous judgment, and which the respondent still possesses.   (Code Civ. Pro. § 1323.)   The property was not sold to a purchaser in good faith and, therefore, the respondent is in a position to respond to our order.

That a new trial has been ordered does not affect the right to a restoration of the property. (*Murray* v. *Berdell,* 98 N. Y. 480.)   A reconveyance is not necessary, it only requires

that the respondent shall be directed to restore to the appellant executor the property; in order that if, upon a new trial, the plaintiff in the action recover a judgment directing a sale of the property under the power of sale in the will of the defendant's testator he may execute it conformably to law. Such restoration should be accompanied by an accounting with respect to the rents and profits, after proper deductions for taxes and ordinary repairs. (*Murray* v. *Berdell, supra;* *Wallace* v. *Berdell,* 101 N. Y. 13.)

The motion is granted and the remittitur will be amended, so as to recite this motion and to contain a direction that Edward Gibbons, as executor, etc., of Ransom H. Gibbons, deceased, be restored to the possession of the real estate, sold under the judgment of the Supreme Court in this action and conveyed to the plaintiff's testator; that the mesne profits of the said real estate be ascertained and paid by the plaintiff herein to the said Gibbons, as executor, subject to his liability to account therefor, and that it be remitted to the Supreme Court to make such orders and to issue such process or mandates as may be necessary and appropriate to effect the restitution hereby ordered.

Ten dollars costs of the motion are awarded to the defendant Gibbons, as executor.

PARKER, Ch. J., GRAY, BARTLETT, HAIGHT, VANN, CULLEN and WERNER, JJ., concur.

Motion granted. _____