Argued at Pendleton October 27, affirmed December 9, 1919.

## LUN *v*. MAHAFFEY.

(185 Pac. 746.)

**Trover and Conversion—Leasehold Interest not Personal Chattel.**

1. A leasehold interest in a building for a five-year term was not a personal chattel, and therefore not the subject of trover.

**Pleading—Code Requires Concise Statement of Facts.**

2. The Code does not require a pleader to conform his statement of facts to any of the common-law forms of action, a complaint contain-

ing a plain and concise statement of the facts constituting the cause of action being sufficient.

**Landlord and Tenant—Sufficiency of Complaint in Action for Unlawful Ouster.**

3. In action by lessee's assignee against lessor for damages for unlawful ouster, complaint *held* sufficient.

**Pleading—Departure in Action for Unlawful Ouster.**

4. In action by lessee's assignee against lessor for unlawful ouster, where complaint alleged performance of requirements of lease by both plaintiff and her assignee in possession, reply alleging collusion or conspiracy between plaintiff's assignee and lessor in order to enable lessor to terminate lease, being inconsistent with complaint, was a departure therefrom.

**Pleading—Departure in Action for Unlawful Ouster.**

5. In action for unlawful ouster by assignee of lease against lessor, where complaint alleged absolute performance of conditions of lease, reply pleading lessor's waiver of assignee's nonperformance of conditions of lease *held* a departure.

**Landlord and Tenant—Landlord's Right to Re-enter.**

6. Where lease gave lessor right to re-enter and repossess herself of premises upon nonpayment of rent within 10 days after rent shall become due, lessor's re-entry upon premises after lessee's assignee had been in arrears for more than 10 days, and after forfeiture had been declared, did not entitle assignee to damages for unlawful ouster, but would have justified a directed verdict for defendant.

From Union: JOHN W. KNOWLES, Judge.

In Banc.

This was an action to recover damages for an alleged unlawful ouster of plaintiff from certain premises to which she claims the right of possession under an assignment of a lease. The complaint alleges in substance that on October 5, 1918, the defendant, Maggie D. Mahaffey, the owner of the property, leased the premises occupied by plaintiff to Margaret Keiffer from November 1, 1913, to December 31, 1919, at a monthly rental of $50 until January 1, 1919, and thereafter at a rental of $60 per month, the said premises comprising the second floor of the Mahaffey Building in La Grande, Oregon; that on August 7, 1915, Mrs. Keiffer, with the written consent of defendant Ma-

haffey, assigned said lease to plaintiff, who went into possession; and that she or her representatives remained in possession until April 1, 1918, when defendants wrongfully ousted plaintiff and her representative therefrom by force, and still wrongfully and unlawfully withhold the possession of said premises to plaintiff's damage in the sum of $1,200. It is further alleged that subsequent to said lease, plaintiff and her representatives had furnished the premises as a rooming-house and were using the second floor as such and the remainder of the leased premises for store purposes and had built up a good, paying business by reason of which other persons were anxious to obtain the property; that on February 4, 1918, plaintiff entered into an agreement with one Sadie Davis whereby the latter agreed to buy and plaintiff to sell said lease, furniture, fixtures and goodwill of said business for $1,800, payable at the rate of $50 a month; and that Sadie Davis went into possession of said premises and was holding and operating the same under said option to buy and had paid $100 thereon at the time she was ousted from said premises, and was promptly keeping up her payments under such option, but because defendants wrongfully and unlawfully ousted plaintiff and her representative therefrom, the said Sadie Davis thereafter threw up her option and would no longer comply with the same or any part thereof, to plaintiff's special damage in the sum of $1,200. The plaintiff states that her special damage is this, that the premises were especially furnished to carry on the business in which she and her representative were engaged; that the furnishings were not of greater value than $500, but when left therein and used in connection with said business, were of the value of $1,700, and that when defendants ousted plaintiff and her rep-

resentative from the premises they wrongfully converted all the property therein belonging to plaintiff, including the business and goodwill save the furnishings and the value thereof, in said sum of $500, leaving a net damage to plaintiff in the sum of $1,200.

The plaintiff avers that she and Sadie Davis had complied with all of the terms of said lease on their, or either of their, parts and were not in default when said ouster was made.

There is a further allegation to the effect that defendant Sargent aided and abetted defendant Maggie Mahaffey in the perpetration of the wrongs charged, and the prayer is for damages in the sum of $1,200.

The answer admits the existence of the lease and the assignment thereof from Keiffer to plaintiff, subject to all the terms and conditions of the original lease, but denies the allegation of wrongful ouster and all the other averments of the complaint except as to matter set forth in the separate answer and defense.

For a separate answer and defense defendants set up *in haec verba* the original lease from Mahaffey to Keiffer, in which appeared the following covenants:

"The party of the second part shall not sublet said premises or any part thereof, nor take in any partner, nor make any alterations or repairs to the said premises or any part thereof, without the written consent of the party of the first part, neither shall any assignment of this lease be made without the written consent of the party of the first part thereto.

"Should the party of the second part violate any of the conditions herein contained, or should the party of the second part be in arrears in the payment of rent for a period exceeding ten days, the party of the first part or her legal representatives, may at once declare this lease forfeited, and may at once re-enter and repossess herself of the said premises, as of her former estate therein, forcibly if necessary, without in any

manner being deemed guilty of trespass, or waiving any rights for the collection of any arrearages of rent.''

It is then alleged that on August 7, 1915, Keiffer, with the written consent of defendant Mahaffey, assigned the lease to plaintiff, subject to all the terms and conditions of the original agreement.

It is next alleged that on March 12, 1918, the rent for the month of March was not paid by plaintiff, although it was due and payable on March 1st, and was in arrears on March 12th; that by the terms of the lease plaintiff was in default and the lease forfeited by reason of nonpayment of rent, and that thereupon defendant Mahaffey exercised her option and declared the lease forfeited, and re-entered and took possession of the premises.

The answer charges that the plaintiff, without the knowledge or consent of the lessor, contracted to and did sublet the premises to one Sadie Davis, in violation of the terms of her agreement, and thereby forfeited her lease; whereupon defendant Mahaffey declared the lease forfeited and re-entered and took possession of the premises. It is further alleged that on March 12, 1918, defendant Sargent as the attorney and agent of defendant Mahaffey, sent the following notice to plaintiff, which was duly received by her on March 13, 1918.

"La Grande, Oregon, March 12th, 1918.
"Mrs. Zellah May Lun,
    "North Powder, Oregon.
"Madam:
"You are hereby notified that the lease on the second floor of the Mahaffey Building and the north storeroom of said building and middle basement thereof, held by you as assignee of Margaret E. Keiffer, is hereby terminated, for the reason that the rent is

more than ten days in arrears, and the lease has been otherwise violated.

"Yours truly,
"W. B. SARGENT,
"Agent and Attorney for Maggie D. Mahaffey."

Plaintiff replied, admitting the existence and terms of the lease and the assignment by Keiffer, the fact that Sargent was the agent of Mahaffey, and the sending and receipt of the notice of forfeiture. The reply denies all other matter in the answer and contains the following affirmative allegations:

"That the rental under the lease mentioned in said answer and for several months prior to the month of March, 1918, had been paid by the said Sadie Davis mentioned in said answer under her option to purchase the said rooming-house business, as described in the complaint herein and the lease thereon; and had for several months prior to and including the said month of March, 1918, occupied said leased property and had operated and run the same solely by herself for said time with full knowledge and consent of defendants, and without any objection in her so doing under the aforesaid option from said defendants or either of them or at all; that for said several months, including the month of March, 1918, the said rentals were all tendered within the time called for in said lease, and were all paid during each month to said defendants by the said Sadie Davis under her option as aforesaid, and said rentals were accepted by defendants therefor.

"That during all the times mentioned in the last paragraph above, the defendants resided in the city of La Grande, Oregon, and the defendant Maggie D. Mahaffey on the lower floor of said Oregon rooming house, and by reason of the premises has waived any right to object to said occupation of said premises by the said Sadie Davis under her option aforesaid. * *

"That one Sadie Davis, now Sadie Johnson, conspired and colluded with defendants to terminate the lease set out in the answer herein, by which collusion defendants were to rent said premises to one Roberts,

who was to hold the same and did hold the same in trust for said Sadie Johnson, and defendants were to receive $70 instead of $60 monthly rentals, and said defendants were to and did evict plaintiff from said leased premises, by which plaintiff was thereafter forced to sustain the loss and damage as mentioned in her complaint and the same was done for the purpose and intent of unlawfully accomplishing the objects and purpose above stated and by reason thereof did accomplish the same.''

The defendants demurred to the separate matter set forth in the reply, on the ground that (1) it did not state facts sufficient to constitute a defense; (2) the facts stated did not constitute a waiver; and (3) it was a departure from the cause of action stated in the complaint. The demurrer was sustained and the cause came on for trial.

Exceptions were saved to numerous objections to instructions given by the court and to the refusal of the court to give others requested by plaintiff, but in our view of the issues these objections become immaterial. At the conclusion of plaintiff's testimony a motion for nonsuit on behalf of Sargent was allowed. The jury returned a verdict for defendant Mahaffey and plaintiff appeals.        AFFIRMED.

For appellant there was a brief and an oral argument by *Mr. O. B. Mount.*

For respondents there was a brief over the names of *Mr. R. J. Green* and *Mr. W. B. Sargent,* with an oral argument by *Mr. Green.*

McBRIDE, C. J.—There is an interesting discussion in the briefs of counsel as to whether this is an action in trover or on trespass. We think the distinction of little consequence, although the complaint lacks many

of the elements of an action of trover and none of those which are required in an action of trespass.

The gist of the controversy here is the unlawful entry upon the premises of plaintiff, ousting her therefrom and withholding possession from her. The removal of the plaintiff's goods to another place is merely aggravation of the trespass.

"Trover" is defined by Bouvier to be:

"A form of action which lies to recover damages against one who has without right converted to his own use the goods or personal chattels in which the plaintiff has a general or special property."

1–3. Plaintiff's leasehold interest in the building was not a "personal chattel" and therefore not the subject of trover. However, the distinctions argued by counsel are not material here, as it was never the intent of our Code to require a pleader to conform his statement of facts to any of the common-law forms of action. If his complaint contains "a plain and concise statement of the facts constituting his cause of action," it is sufficient, although it may sound partly in trover and partly in trespass. The complaint here is sufficient.

4. The first error alleged is the action of the court in sustaining the demurrer to plaintiff's further and separate reply. The complaint alleged performance of all the requirements of the lease, both by the plaintiff and by Sadie Davis, her optionee or assignee in possession, and a wrongful and unlawful ouster of both by defendants; the reply alleges a collusion or conspiracy between Sadie Davis and the defendants in the trespasses and wrongs of defendants, in order to enable the defendants to terminate the lease and make a new contract with herself. In the complaint Sadie Davis was held out as a co-victim with plaintiff of the wrongful acts of the defendants. In the reply she was held out

as a conspirator with defendants in their alleged nefarious scheme to injure plaintiff. In this particular the reply is inconsistent with the complaint, constitutes a departure, and as such was vulnerable to the objection made.

5. The same is true as to the waiver attempted to be pleaded in the further and separate reply. As before remarked, the complaint proceeded upon the basis of absolute performance and it was inconsistent with that theory to plead a waiver of performance, or a waiver of any of the conditions of the lease. The conditions under which Sadie Davis was permitted to occupy the premises were as much a necessary part of plaintiff's complaint as was the fact that Mrs. Mahaffey consented in writing to the assignment of the lease from Keiffer to plaintiff. If the allegations of the complaint are true, Davis never had possession except as the representative of plaintiff. Her possession would, upon the theory of the complaint, be plaintiff's possession and an ouster of her would be an ouster of plaintiff.

The plea is clearly a departure. The plaintiff says in substance by her complaint, "I performed and kept all the conditions of the lease." By her separate reply she says:

"If I did not perform the conditions of the lease as to subletting, or by assigning it, such condition was waived."

In 6 Ency. Pl. & Pr., page 462, quoted in defendants' brief, it is said:

"Performance, and excuse for nonperformance, are two distinct matters, and a party must aver with certainty upon which one he depends. Where the declaration or complaint avers performance, and to a plea of nonperformance there is a replication or reply of excuse for nonperformance, there is a departure."

Such is the holding in this state.  In *Waller* v. *City of New York Ins. Co.,* 84 Or. 284 (164 Pac. 959), Mr. Justice BURNETT states the rule as follows:

"It is a rule of pleading in this state that where the plaintiff relies upon a contract he must show full performance on his part or else some valid excuse, as an example of which latter waiver may be classed, and that all this must appear in his complaint.  In other words, the plaintiff must state his whole cause of action and all the grounds thereof in his first pleading.  He cannot aver there that he has fully complied with the contract and, when charged in the answer with shortcomings in that respect, shift his ground in his reply and show that the omissions stated by the defendant were waived by it, thus excusing the plaintiff from performance."

The practice thus condemned is precisely what was attempted in the further separate reply.

6. This leaves plaintiff's case in this position: She comes into court pleading full performance of all the conditions of the lease, including payment of the stipulated rent not later than March 12th, when the whole competent testimony on this subject shows that rent was not paid or tendered until after the time for payment had expired and a forfeiture had been declared. Whatever errors may have crept into the case, these facts settled the contention in favor of defendants and in themselves would have justified a directed verdict in their favor.  This view renders it unnecessary to discuss the question as to the effect of Mrs. Mahaffey's written consent to the assignment of the lease from Mrs. Keiffer to plaintiff, which has been so ably presented by counsel for plaintiff.

The judgment is affirmed.       [AFFIRMED.