PEPPERS GASOLINE CO. v. MITCHELL.

No. 29968.   Jan. 27, 1942.

Rehearing Denied March 10, 1942.

*122 P. 2d 998.*

Deupree & McCabe, of Oklahoma City, for plaintiff in error.

Robert W. Maupin and D. A. Maupin, both of Oklahoma City, for defendant in error.

PER CURIAM. This action was instituted in a justice of the peace court of Oklahoma county by the defendant in error, hereinafter referred to as plaintiff, against the plaintiff in error, hereinafter referred to as defendant, to recover the sum of $27.09 alleged to be due plaintiff for oil produced and sold from certain premises.

The plaintiff alleged in her bill of particulars that during October, November, and December of 1937 and January of 1938, there had been produced and sold from lots 7 and 8 in block 1 of park subdivision of Oak Park addition to Oklahoma City certain crude oil, one-fifteenth of one-eighth of which belonged to the plaintiff and which had been sold and delivered to the defendant and for which it had refused to pay plaintiff the market value thereof, which was the sum of $27.09, and prayed judgment for said amount. Answer of defendant consisted of a general and specific denial. Plaintiff was given judgment, and the defendant appealed the cause to the district court and by leave of said court filed an amended answer and, after a consolidation of said cause with a number of others for the purpose of trial had been had, filed a second amended answer wherein, in addition to a general denial, it alleged that the failure to pay was due to the fact that certain proceedings had been had in connection with an estate of which plaintiff had been administratrix and a partition action thereafter brought and by reason of which defendant considered itself unsafe in making payment until certain proof had been furnished by the plaintiff and which proof the plaintiff had refused to submit, and pleaded the duty of plaintiff to furnish such proof under the terms of the lease under which the oil had been produced and the division order under which said oil had been sold, and further pleaded that defendant held the money, which it was ready, able, and willing to pay to the parties entitled thereto upon proof of their right to claim the same.

The court sustained the motion of plaintiff for judgment on the pleadings and rendered judgment in accordance with the prayer of the bill of particulars. The defendant has perfected this appeal.

As grounds for reversal of said judgment, the defendant urges three propositions, the decisive one of which is that the judgment on the pleadings was erroneous as a matter of law. A motion for judgment on the pleadings searches the entire record, but cannot be sustained unless, under the facts stated in the pleadings, the court can as a matter of law pronounce judgment for one or the other of the parties. Mires v. Hogan, 79 Okla. 233, 192 P. 811. Such motion presents two questions: (1) Is there any issue of material fact, and if no issue of material fact is presented by the pleadings, (2) which party is entitled to judgment? Whipps v. Kling Bros. & Co., 182 Okla. 382, 78 P. 2d 291. In every case where the pleadings present a question of fact to be determined, a motion for judgment on the pleadings should be denied. Hill v. Black Gold Pet. Co., 183 Okla. 468, 83 P. 2d 164.

In the case at bar the plaintiff alleged that she was the owner of a definite proportionate share of certain crude oil which had been produced and saved from certain premises and which defendant had purchased and for which it was therefore indebted to the plaintiff. Defendant admitted that such was the fact, and alleged that by reason of certain proceedings had in which the plaintiff was a party there had arisen a question as to the extent of the interest of the plaintiff, and that before defendant could safely make payment it was entitled to have this interest definitely established. This presented an issue to

be determined by evidence introduced and as the result of a trial. The answer of defendant did not constitute a negative pregnant, as the plaintiff claims, and for this reason the cases cited which deal with such a situation have no application to the case here presented.

It appears from an examination of the entire record that the court considered a decree which had been entered by the county court in the estate of Thomas P. Shumake, deceased, and which was referred to in the second amended answer of the defendant. In so doing the court apparently considered the reference made the decree a part of the pleadings. In so doing we are of the opinion that the court was in error, since this instrument was not a part of the pleadings, but was evidential in character.

The judgment, being erroneous for the reason stated, is reversed and remanded for new trial.

WELCH, C. J., CORN, V. C. J., and RILEY, OSBORN, GIBSON, HURST, and ARNOLD, JJ., concur. BAYLESS and DAVISON, JJ., absent.