Argued October 10; reversed November 3, 1944

# LYTLE *v.* PAYETTE-OREGON SLOPE IRRIGATION DISTRICT ET AL.

(152 P. (2d) 934)

Before Bailey, Chief Justice, and Belt, Rossman, Kelly, Lusk, Brand and Hay, Associate Justices.

*Cleve Groome,* of Caldwell, Idaho, and *Charles W. Swan,* of Vale, Oregon, for appellant.

*Ed R. Coulter,* of Weiser, Idaho, and *M. A. Biggs,* of Ontario, Oregon, for respondents.

HAY, J.

This action was instituted by the appellant, Lillian G. Spofford, to recover compensation for use and occupation of and for waste committed upon certain farm lands, during a period while such lands were in the possession of the respondent irrigation district as purchaser under a judicial sale of the property under a judgment and decree in foreclosure of liens for delinquent irrigation district assessments. The defendants are, respectively, an irrigation district incorporated under the law of Oregon and its directors.

The complaint, filed June 20, 1941, alleges plaintiff's ownership of the premises; that they contained 128 acres of irrigable farm land, in good cultivation, free of weeds, and having improvements thereon consisting of a house, barn and other out buildings; that, in a suit against plaintiff to recover the amount of certain allegedly unlawful and void assessments levied by the irrigation district, for water supplied for use in the irrigation of said land, the circuit court for Malheur County, on May 6, 1938, made an order and decree commanding the sheriff to sell said land to satisfy the lien of said assessments; that, on July 2, 1938, the sheriff, after due notice, sold said lands at public sale, and the irrigation district became the purchaser thereof; that the district thereupon took possession of the lands "and deprived plaintiff of the possession thereof and continued and remained in possession of said premises and deprived the plaintiff of the use and occupancy thereof", particularly for the period from November 18, 1938, to October 31, 1939; that, on appeal to this court, (*Payette-Oregon Slope Irrigation District v. Coughanour et al.,* 162 Or. 458, 91 P. (2d) 526) the above mentioned assessments

were held to have been unlawful and void, and that said circuit court, on October 31, 1939, entered a decree on the mandate of this court, which decree set aside the sale of said premises to the irrigation district. For deprivation of use of the land, plaintiff claimed damages in the sum of $1,920, with additional small sums because of injury to portions of the buildings. The complaint alleged further that, during the period of occupancy of the land by the district, the irrigated and cultivated lands were not farmed or tilled in any manner, whereby vast quantities of noxious weeds were permitted to germinate and grow upon the premises, to plaintiff's damage in the sum of $1280, and that defendants caused the top soil on one and one-half acres of the land to be removed and carried away, to plaintiff's damage in the sum of $25. Defendants' possession of the premises is alleged to have been "wrongful."

For answer, the defendants admit plaintiff's ownership of the property, and, except as specifically admitted, deny generally the other allegations of the complaint. They allege that plaintiff's lands are within the Payette-Oregon Slope Irrigation District; that plaintiff failed to pay the general ad valorem taxes and irrigation district assessments levied against said lands, for the years 1928, 1929 and 1930; that the district purchased delinqency certificates which had been issued in respect of such delinquent taxes and assessments, and brought suit to foreclose same; that plaintiff herein, as defendant in the foreclosure suit, filed an answer therein, wherein she contested the validity of the irrigation district assessments; that, after a trial of the issues, the court gave judgment and decree foreclosing the delinquency certificates and directing that the lands be sold to satisfy the judgment;

that the defendant (plaintiff herein) thereupon appealed to this court, but gave no supersedeas bond to stay the execution of the decree; that, on July 2, 1938, after due notice, the sheriff sold the lands involved, and that the irrigation district became the purchaser thereof; that this court reversed the circuit court's decree, and that, in due course, on mandate of this court, the circuit court set aside said sheriff's sale. Defendants denied that they deprived plaintiff of the use and occupancy of the lands, except as alleged in regard to the foreclosure proceedings; and denied that they ever "manually" took possession of, or exercised any dominion over the same, except by instituting and carrying to completion the foreclosure suit, and purchasing the lands at the foreclosure sale. They alleged that at the time of such sale the lands were in possession of a tenant of plaintiff's; that plaintiff collected the rentals thereof for the year 1938; and that neither plaintiff nor defendants attempted to use, occupy or rent the lands during the year 1939, and the same were "idle". They deny liability "for non-use" of the lands or for any cause in connection with the years 1938 and 1939; deny that, in either of said years, they were in wrongful or unlawful possession of the lands; and deny that, through any act of theirs, any part of plaintiff's property was damaged through injury. They admit that the lands were not irrigated or cultivated or tilled in the year 1939, but deny that, by reason of that fact, they became liable to plaintiff in damages, and deny that plaintiff suffered any damage whatever because the lands remained idle in 1939. They allege further that, during the period in question, they never made any use of the lands, and never received any rentals, emoluments or income whatsoever therefrom.

Plaintiff, in her reply, admits that, at the time of the foreclosure sale, the lands were in the possession of her tenant, and alleges that, upon purchase thereof by the irrigation district, it came into the possession thereof, and that the tenant ''then became the lessee of said irrigation district under an agreement'' with it; that, at such time, no rent for 1938 had been paid by said tenant; that, subsequent to November 17, 1938, and while the foreclosure suit was pending on appeal, she brought an action in the District Court of the Seventh Judicial District of Idaho for Washington County, against Frank George, the tenant, to recover rental for 1938; and that the irrigation district intervened in the action; that, after the entry by the circuit court of a decree on the mandate of this court on the appeal in the foreclosure suit, she filed a supplemental answer to the irrigation district's complaint in intervention in the Idaho action, and that, after trial by the court in that case, she was awarded a judgment against her tenant for the rent sued for, with interest. She alleges that, by the circuit court's decree in the foreclosure suit, she was specifically debarred of all right, title, interest, lien or claim in the lands, save only the right of redemption prior to sale. Further, she pleaded that the district was estopped from asserting that it was not in possession of the lands, or responsible for the use, occupancy and preservation thereof, during the period in question, for these reasons: (a) plaintiff herself, by the court's decree, was debarred of all rights therein, (b) because of the facts set forth in the Idaho action, in the irrigation district's complaint in intervention, (copy whereof is attached to and made part of the reply). The facts so set forth, inter alia, detail the proceedings whereby plaintiff's lands were sold at foreclosure sale, and

alleged that the district became the purchaser thereof, and that, immediately after the entry of foreclosure, it orally agreed with Frank George, plaintiff's tenant, that, in the event that it became the purchaser of the lands at the foreclosure sale, he, George, would pay the 1938 rent to it. There is attached to and made a part of said complaint in intervention a copy of a notice of claim of lien, for irrigation water furnished, which the district filed against the crops which the tenant, George, raised on said lands in 1938, in which notice, among other matters, the district alleged: ''That Payette-Oregon Slope Irrigation District, a public corporation, is the owner of said lands and leased said lands to said George for the cropping season of 1938. * * *''.

After the issues were made up, the defendants moved for judgment on the pleadings, upon the grounds that ''the facts set up in plaintiff's complaint and reply do not constitute a cause of action in said proceeding. That said action is based on a proceeding in tort for damages for the failure to cultivate the property for the year 1939, and for the further ground of damages for permitting foul and noxious weeds to grow upon said premises by reason of failure to cultivate said property and to prevent the growth of noxious weeds.'' Judgment was entered accordingly, and plaintiff appeals.

The circuit court, in the foreclosure suit, had jurisdiction of the subject-matter and of the parties. That being so, while the decision of this court held its decree to have been erroneous, it was not void. *Flynn v. Davidson,* 80 Or. 502, 506, 155 P. 197, 157 P. 788.

Upon the reversal of an erroneous judgment, a judgment debtor, whose property has been taken under

execution, is entitled to restitution. Restatement, Restitution, Section 74. If the judgment creditor has purchased the property at execution sale, and still retains it, reversal of the judgment divests him of title. Anno: 29 A. L. R. 1078. Restitution was a remedy well-known to the common law. *Haebler v. Myers,* 132 N. Y. 363, 30 N. E. 963, 15 L. R. A. 588, 28 Am. St. Rep. 589. Resort was formerly had to the writ of scire facias quare restitutionem non, but, in modern practice, an action for specific restitution may be maintained, except as against a bona fide purchaser. Restatement, Restitution, Section 74 A; 3 Am. Jur., Appeal and Error, Section 1253; *Berthold-Jennings L. Co. v. St. Louis I. M. & S. R. Co.,* 80 F. (2d) 32, 102 A. L. R., 688. Restitution is awarded, not upon the theory that the judgment creditor is guilty of any wrongdoing in enforcing his judgment, but because, in equity and good conscience, he ought to restore to the appellant whatever of value he caused to be taken from him by virtue of his erroneous judgment. *Atlantic Coast Line Railroad Company v. Florida,* 295 U. S. 301, 55 S. Ct. 713, 79 L. Ed. 1451; *Berthold-Jennings L. Co. v. St. Louis I. M. & S. R. Co.,* supra. The right of complete restitution in such cases is recognized in Oregon by statute. Section 10-812, O. C. L. A. When the necessary facts appear of record, the court may, in its final judgment, direct that restitution be made. *McFadden v. Swinerton,* 36 Or. 336, 59 P. 816, 61 P. 12. The statutory remedy, however, is merely cumulative, and the party entitled to restitution may prosecute an independent action analogous to an action for money had and received. *Coker & Bellamy v. Richey,* 108 Or. 479, 217 P. 638. It has been held that the mode of proceeding may be regulated according to the circumstances of the

case. *Bank of United States v. Bank of Washington,* 6 Pet. 8, 8 L. Ed. 299.

 In addition to restoration of the specific property, the judgment debtor may be allowed to recover compensation for being deprived of the use thereof, less expenses necessarily incurred in its protection, and disbursements for taxes and other liens. Restatement, Restitution, Section 74 c. The obligation of the judgment creditor, in such cases, is similar to that governing an accounting by a trustee under an implied trust. Freeman, Judgments, Section 1168. Complete restitution should include the reasonable rental value, or the rents, issues and profits of the premises for the period during which the judgment debtor was deprived of possession. *Schoonover v. Osborne,* 117 Iowa 427, 90 N. W. 844; *Radermacher v. Eckert,* 63 Idaho 531, 123 P. (2d) 426; *Wallace, Executrix, v. Berdell,* 101 N. Y. 13, 3 N. E. 769; *Holly, Executrix, v. Gibbons,* 177 N. Y. 401, 69 N. E. 731; 33 C. J. S., Executions, Section 312 c. Recovery, however, is not necessarily limited to the amount of rent received by the judgment creditor, but may be based upon the fair and reasonable value of the use of the land. *Bradley v. Brown,* 86 Iowa 359, 53 N. W. 268. Where the creditor has rented the land to others, no doubt he would be liable to account only for the rents received, as it is said that restitution is usually limited to what has actually been received and retained by the creditor for his own benefit. 5 C. J. S., Appeal and Error, Section 1983. Where, however, he has, as in this case, simply kept the judgment debtor out of possession, but has himself derived no benefit from it, we think that the debtor's right of complete restitution should ordinarily include compensation for the fair and reasonable value of the use of the land, con-

sidering its condition and the purposes for which it was adapted. *Bradley v. Brown,* supra.

The appellant contends that, while the district had possession of the property, it was guilty of ill husbandry, in that it failed to farm and cultivate the land, and thereby permitted it to become infested with noxious weeds. This, no doubt, should be regarded as waste, and, if respondents were responsible therefor, they would be liable. 3 Am. Jur., Appeal and Error, Section 1260; *Hess v. Deppen,* 125 Ky. 424, 101 S. W. 362, 15 Ann. Cas. 670. Waste is "a spoil or destruction in houses, gardens, trees or other corporeal hereditaments, to the disherison of him that hath the remainder or reversion." 2 Bla. Com. 281, cited with approval in *Davenport v. Magoon,* 13 Or. 3, 4 P. 299, 57 Am. Rep. 1. Ill husbandry, carried to such extent as materially injures the rights of the landlord or reversioner, constitutes waste. 67 C. J., Waste, Section 12. The infestation of the property with noxious weeds would certainly, we think, materially injure the rights of the owner of the land. A trustee is under a duty to use such care and skill to preserve the trust property as a man of ordinary prudence would exercise in dealing with his own property. Restatement, Trusts, Sections 174, 176; *Elliott v. Mosgrove,* 162 Or. 507, 538, 91 P. (2d) 852. If the infestation of the land by weeds was the result of the respondents' mismanagement, judged by the standard of care and skill of a man of ordinary prudence, they would, we think, be liable. Restatement, Restitution, Section 74 f. The measure of compensation is the diminution, caused by the waste, in the market value of the property, or, in other words, as applied to the facts alleged in the complaint here, the difference between the market value of the land

when free from weeds, and its market value when weed-infested. *Winans v. Valentine,* 152 Or. 462, 54 P. (2d) 106; 3 C. J. S., Agriculture, Section 28.

The respondents concede that restitution is proper, but insist that it should be limited to such property as remained in their possession at the time when the foreclosure decree was reversed. In support of this position, they put forward several contentions, with which we shall now deal.

They say that appellant might have continued in possession of the property by giving a supersedeas bond on appeal to stay the proceedings, and thereby have saved herself from loss of use of the property and from the risk of loss through waste. The authorities, indeed, indicate that a judgment creditor cannot be compelled to make good all of the damage which a judgment debtor may have sustained through execution of a judgment pending appeal, where no stay bond was given. 3 Am. Jur., Appeal and Error, Section 1256. Certain kinds of damages would not be recoverable. For example, loss by a judicial sale of the defendant's property, to a stranger, for less than its value. *(Thompson v. Reasoner,* 122 Ind. 454, 24 N. E. 223, 7 L. R. A. 495). This, by what is perhaps the weight of authority, cannot be recovered, except where the action was not brought in good faith or the sale was not properly conducted (Restatement, Restitution, Section 74 d). Again, damages sounding in tort cannot be recovered; e. g., for false arrest in the case of a defendant who has been arrested on a body execution in the enforcement of a judgment pending appeal. Anno: 45 L. R. A. 800. Where money is taken on execution, however, it must be restored with interest, and where the debtor's property is sold, the proceeds may

be recovered, with interest. Restatement, Restitution, Section 74 d. By analogy, it would appear that, where specific property is restored, the defendant should be entitled to recover the reasonable value of its use, of which he was deprived, this being, roughly, the equivalent of interest on money. To refuse him such compensation, merely because he was unwilling or unable to give a stay bond, would be manifestly unjust, and, we think, would be a denial of complete restitution. *Haebler v. Myers,* 132 N. Y. 363, 370; *Hoppas v. Bremer,* 119 Kas. 411, 239 P. 961; Section 10-812, O. C. L. A. Respondents cite *Porter v. Small,* 62 Or. 574, 120 P. 393, 124 P. 649, 40 L. R. A. (N. S.) 1197, Ann. Cas. 1914C, 536, in which case the defendant, in the circuit court, had been awarded the use of 650 inches of water for irrigation of certain lands. Pending an appeal, in which no stay bond was given, he continued to use that amount of water. This court, in reversing the decree, awarded him only 40 inches. We held that he could not be held liable, in tort, for the use of the excess water. On rehearing, however, (62 Or. 590, 591) we said:

> "This court has never intimated that plaintiffs might not have restitution by an appropriate action probably in *quasi* contract for any profits, or perhaps rentals of water appropriated by Small during the pendency of the appeal * * *. We only hold that in this action, which is in tort pure and simple, he cannot recover, and we adhere to that view. * * * "

Respondents contend that they were never in actual possession of the property. The complaint, however, alleged that they were, and their answer denied this, so that the question of possession was an issue in the case. Under our law (Section 6-1610, O. C. L. A.) an

execution purchaser, from the day of sale, is entitled to possession of the property purchased, unless it is in the possession of a tenant holding under an unexpired lease, in which event the purchaser is entitled to receive the rents, or the value of the use and occupation, from such tenant. The reply herein alleges that, upon purchase of the land by the district, it came into possession thereof, and that the tenant, under an agreement with it, became its lessee. Such an agreement is an attornment *(Obermeier v. Mattison,* 98 Or. 195, 193 P. 915), and it is held that, where a landlord's estate is sold on execution, the tenant may attorn to the purchaser and thereby become his tenant (32 Am. Jur., Landlord and Tenant, Section 115). Moreover, it is the general rule that an execution purchaser of land covered by a lease is substituted in place of the landlord, and that the tenant becomes his tenant. 21 Am. Jur., Executions, Section 298; 35 C. J., Landlord and Tenant, Section 604. The tenant's possession, under such circumstances, is to be considered as possession of the landlord. Id., Section 539. The pleadings also raise against the district the plea that it is estopped from asserting that it was not in possession of the lands. They allege that, by the decree of foreclosure, appellant was debarred from asserting any rights in the lands, and, moreover, that in the Idaho action, the district, in its pleadings, alleged that it was in possession thereof. Whether or not the plea of estoppel would be available depends, we think, upon whether or not the district's previous statements that it was in possession, which were inconsistent with its present position, impelled the appellant, to her detriment, to act or to refrain from acting in the premises. 31 C. J. S., Estoppel, Section 116.

Further, respondents claim that, as a result of the Idaho action, appellant received from the tenant all of the 1938 rent of the land. As this result was achieved subsequent to the reversal of the foreclosure decree, we cannot see that it has any application to the present controversy.

 Respondents take the position that, in the Idaho action (instituted November 17, 1938), appellant demanded possession of the lands from the tenant, and that, by reason of the pendency of such action and of the appeal in the foreclosure suit, it may be inferred that it would have been exceedingly difficult for the district to lease the lands to a tenant, and hence, we assume, that respondents are not responsible to appellant for the value of the use or for waste of the premises. It may be, indeed, that the actions of the appellant prevented the leasing of the lands to a tenant. If it can be shown that such actions did have that effect, and also prevented the respondents from farming the lands, no doubt those facts would be available as a defense herein. Restitution, being equitable in nature, is not an absolute right in all circumstances, but is *ex gratio,* resting in the exercise of sound judicial discretion, and is to be awarded only when the justice of the case calls for it. Restatement, Restitution, Section 74; Annotation; 131 A. L. R. 878, 884.

██ Notwithstanding their contention that they were not in possession of the premises, the respondents, in their brief (p. 9) state that they were in lawful possession thereof under the decree of the circuit court and sale of the property by the sheriff. If this be so, then, the court having had jurisdiction of the parties and of the subject-matter, its decree afforded them protection for all acts done in enforcement thereof prior

to reversal. *Thompson v. Reasoner,* supra; *Griggs v. Brandon,* 132 Okla. 180, 269 P. 1052; *Porter v. Small,* supra; Freeman, Judgments, Section 1169. Hence, the respondents are not liable in damages as for tort. *State Nat. Bank v. Ladd,* 65 Okla. 14, 162 P. 684, L. R. A. 1917C, 1176; *Porter v. Small,* supra.

In Oregon, we have but one form of action at law, the common-law forms having been abolished. Section 1-101 O. C. L. A. A complaint is sufficient if it contains a plain and concise statement of the facts constituting the cause of action, without unnecessary repetition, and a demand of the relief which the plaintiff claims. Section 1-704 O. C. L. A. Despite the fact that the complaint herein alleges that the defendants were "wrongfully" in possession of the property, we are doubtful that it sounds in tort. All of the necessary facts entitling plaintiff to restitution were set forth. Where it is doubtful upon what theory the pleading is drawn, it should be construed according to that theory which is most consistent with the facts alleged, and allegations not in harmony therewith may be considered as surplusage. 49 C. J., Pleading, Section 110. Thus, in *Siverson v. Clanton,* 88 Or. 261, 170 P. 933, 171 P. 1051, the complaint was construed to state a cause of action for the recovery of money paid under compulsion or duress of personal property, notwithstanding that it alleged that the defendants "took, converted and appropriated such" personal property "to their own use", and thus might have been construed as in trover. Likewise, in *Lun v. Mahaffey,* 94 Or. 292, 185 P. 746, where the complaint sounded partly in trover and partly in trespass, it was held to have stated sufficiently a cause of action in trespass, having contained "a plain and concise statement of the facts constituting the cause of action."

So, in an Oklahoma case, an action, which the petition designated as one for conversion, was held to state sufficient facts to entitle plaintiff to restitution for an erroneous sale of property. *State Nat. Bank v. Ladd,* 65 Okla. 14, 162 P. 684. We construe the complaint in the instant case as sufficiently stating a cause of action for restitution in quasi contract, which is an action at law in the nature of implied assumpsit, based upon equitable principles. 4 Am. Jur., Assumpsit, Section 10.

 In sustaining a motion for judgment on the pleadings, therefore, upon the ground that the complaint did not state facts sufficient to constitute a cause of action, the trial court erred. Moreover, apart altogether from the fact that a good cause of action was stated, the motion was insufficient in that it was based specifically upon the proposition that the action was in tort for damages for failure to cultivate the property in the year 1939 (a matter which the complaint did not even mention except in relation to the charge that the property was permitted to become weed-infested), and for damages for permitting weed-infestation. The motion therefore ignored the claim for restitution for deprivation of use of the premises, and that for other waste. A motion for judgment on the pleadings is one not favored by the courts. It may not be used as a substitute for a demurrer where the pleadings are amendable so as to state a good cause of action. 41 Am. Jur., Pleading, Section 335. Where the pleadings present an issue of material fact, such a motion cannot be allowed. *Milton v. Hare,* 130 Or. 590, 280 P. 511; *Straub v. Oregon Elec. Ry. Co.,* 163 Or. 93, 94 P. (2d) 681; *Peppers Gasoline Co. v. Mitchell,* 190 Okla. 259, 122 P. (2d) 998; *Davenport v. Burke,* 27

Idaho 464, 149 P. 511. In the present case, in our opinion, the pleadings raised several issues of material fact.

The judgment is reversed, with costs, and the cause is remanded for trial on the merits.