WALTERS *v.* QUALITY BISCUIT DIVISION OF UNITED BISCUIT COMPANY OF AMERICA.

1. CONTRACTS—PARTIAL FAILURE OF CONSIDERATION—ABANDONMENT.
    It is not every partial failure to comply with the terms of a contract by one party which will entitle the other party to abandon the contract at once.

2. LANDLORD AND TENANT—TEMPORARY PARTIAL EVICTION—TERMINATION OF LEASE—OCCUPANCY.
    Landlord's failure to furnish toilet and washroom facilities and steam heat for basement and first floor, as covenanted in lease of building to defendant, for period of a month and a half *held,* not to have deprived lessee of any beneficial use then enjoyed or of which it was in position to avail itself either by reoccupying the premises or by subletting or assigning them to another, which entitled lessee to treat the lease as terminated, where although it had possession of the premises it was not occupying them.

3. SAME—CONVEYANCE OF LANDLORD'S INTEREST.
    The tenant of property generally becomes the lessee of the vendee of the landlord when the latter conveys the property, hence, it

REFERENCES FOR POINTS IN HEADNOTES
[1] 12 Am Jur, Contracts § 389.
[2, 5] 32 Am Jur, Landlord and Tenant §§ 246, 247.
[2, 5] Effect of nonhabitability of leased dwelling or apartment. 4 ALR 1453; 13 ALR 818; 29 ALR 52; 34 ALR 711.
[3] 32 Am Jur, Landlord and Tenant §§ 89, 90, 442.
[4] 3 Am Jur, Appeal and Error §§ 820, 821.
[5] 32 Am Jur, Landlord and Tenant §§ 535, 540.

would be unnecessary for the landlord specifically to assign the right to future rents.

4. APPEAL AND ERROR—QUESTIONS REVIEWABLE—RIGHT OF LAND-LORD'S VENDEE TO PAYMENT OF RENT.

Plaintiff's assumption that vesting of title in him and his wife carried the right to payment of such rent as thereafter accrued, not having been challenged in the trial court either by the pleading, not called to the attention of the trial judge, nor specifically mentioned in the assignment of reasons and grounds for appeal, may not be challenged in the Supreme Court on appeal.

5. LANDLORD AND TENANT—TEMPORARY PARTIAL EVICTION—COUNTER-CLAIM.

Defendant tenant who claimed lease was terminated by reason of temporary partial eviction but did not counterclaim for amount of rent it had paid during such period of eviction was not entitled to have the amount thereof set off against total of rent to which landlord was entitled by reason of an assignment from predecessor during whose period of ownership the eviction took place.

Appeal from Dickinson; Jackson (Glenn W.), J. Submitted January 8, 1953. (Docket No. 45, Calendar No. 45,673.) Decided March 10, 1953.

Assumpsit by Howard Walters against Quality Biscuit Division of United Biscuit Company of America, a Delaware corporation, for rent due under lease. Judgment for plaintiff. Defendant appeals. Plaintiff cross-appeals. Reversed and remanded for entry of judgment in increased amount.

*Howard Vielmetti* and *Ernest W. Brown,* for plaintiff.

*Ballard, Jennings, Bishop & Fraser* and *Edward J. Dundon,* for defendant.

CARR, J. This is an action to recover rent claimed by plaintiff under the provisions of a written lease.

By warranty deed dated October 12, 1945, the property described in the lease and referred to in the record as 806 Stockbridge avenue, Iron Mountain, Michigan, was conveyed by the then owner, John F. Cowling, to Oliver E. La Lond and wife. By instrument dated October 9th of the same year, La Lond leased the basement and first floor of the building on the property to defendant for a 10-year period at a monthly rental, payable in advance, of $58.50. By its terms the lease became effective on the 1st of November, 1945, and required among other provisions that the lessor install adequate toilet and washroom facilities satisfactory to lessee. Defendant went into possession of the property. In July, following, the lease was modified by instrument in writing increasing the monthly rental to $75 per month and requiring the lessor to install and maintain equipment to furnish steam heat to the lessee, and to furnish said heat "at all times during the periods when heat is to be furnished."

Defendant occupied the portion of the lessor's building covered by the lease until December 31, 1949, or shortly thereafter. Its reasons for vacating the premises and transferring its business elsewhere are not involved in the instant case. Following its removal the rent was paid from month to month, and apparently defendant undertook to procure a subtenant for the property or an assignee of its interest under the lease. It caused a sign to be placed in the window of the building stating that it was "For Rent." Notwithstanding the efforts made, the property remained vacant.

At the time of the purchase of their lot by La Lond and his wife, their grantor Cowling owned the adjoining lot, and water supplying the building on the property conveyed was carried in pipes located in the lot retained by the grantor, which pipes apparently passed through the basement of Cowling's

residence. La Lond, who was called as a witness in plaintiff's behalf on the trial of the instant case, asserted that he did not know at the time of the conveyance to him that the water supply from the city came through Cowling's home. However, he made the agreement set forth in the lease with reference to the toilet and washroom facilities and the furnishing of steam heat.

The record does not indicate that the service was interrupted until October 20, 1950, when Cowling shut off the water. Three days later defendant notified La Lond that unless the latter caused the interrupted service to be resumed by November 1st defendant would construe such failure as an eviction and would terminate the lease. It did not in such notice assert any intention on its part to reoccupy the property, nor any ability or intention to sublet or assign to a third party.

Immediately upon being advised of Cowling's action, La Lond brought suit against him for injunctive relief. A temporary injunction was issued on the filing of the bill of complaint, restraining Cowling from interfering with the supplying of water to the building on La Lond's property. Service of the injunction was delayed because of inability to locate Cowling. Immediately following such service, and on the 5th of December, 1950, the water was turned on, and La Lond was again in position to furnish steam heat to the building and to carry out his obligation under the lease with reference to washroom and toilet facilities. Prior thereto, on the 3d of November, 1950, defendant served on La Lond a notice declaring that it was terminating the lease as of December 1st. Defendant paid the rent each month until the latter date.

On the 30th of March, 1951, La Lond and his wife conveyed the property in question to the plaintiff in this case, Howard Walters, and his wife. Sub-

sequently La Lond executed to Walters an assignment of his claim for rental alleged to be due under the lease for the 4-month period beginning December 1, 1950. Defendant refused to recognize any liability on its part for rent. In consequence plaintiff started suit on July 30, 1951, asserting in his declaration the right to recover the sum of $600 for rental accruing during the period from December 1, 1950, to and including the month of July, 1951. The declaration also alleged the right to recover for rental to become due in the future under the terms of the lease. Defendant by answer denied liability, pleading the affirmative defenses of failure of consideration and constructive eviction.

The case was tried before the circuit judge without a jury and judgment entered for the plaintiff in the sum of $505.10, with costs. It appears from the opinion filed, in which the testimony and the claims of the parties were carefully analyzed, that the trial court specifically found that under the somewhat unusual situation presented by the record the inability of La Lond to furnish water to the leased premises for the period between October 20 and December 5, 1950, was not such a breach of obligations under the lease as to amount to a constructive eviction of the defendant, or to justify defendant in treating the lease as terminated on the theory that the lessor had breached it. The further conclusion was indicated that, inasmuch as the lessor was not in position to wholly comply with his undertakings during a period of approximately 6 weeks, recovery of rental for such length of time should be denied. Accordingly the sum of $112.50 was deducted from the amount of the rent accruing prior to the bringing of the action. Recovery for subsequent rental was denied on the ground that the situation might be altered and defenses to such liability on defendant's part might arise from sub-

sequent acts or omissions. From the judgment entered both parties have appealed, defendant claiming that the court was in error in finding any liability on its part, and plaintiff asserting that the deduction of the sum of $112.50 from the amount of the rent accruing prior to the bringing of suit was improper under the facts. The action of the trial court in refusing to permit the recovery of future instalments of rent is not questioned.

The principal question at issue in the case arises from defendant's claim that it was entitled to treat the lease as terminated because of the interruption in the water service from October 20 to December 5, 1950. The argument is in substance that although the premises were vacant at the time, with no indication that the condition in this respect might be changed, La Lond had not performed his undertaking as written and that, in consequence, the giving of the notice of termination of the lease on November 3, 1950, was a proper act on defendant's part and justified by the facts. The trial judge came to the conclusion that under the proofs in the case the inability of the lessor to furnish water service during the period in question did not result in actual damage to defendant, and should not be regarded as of such materiality as to authorize the termination of the lease. Obviously defendant in serving its notice of October 23, 1950, considered that the lessor was entitled to a reasonable opportunity to bring about a resumption of the water service. It is apparent from the record that La Lond moved as expeditiously as possible, and that the delay was occasioned by the inability to obtain service on Cowling of the injunction issued by the court.

In *Rosenthal* v. *Triangle Development Co.*, 261 Mich 462, the Court quoted with approval from 6 RCL, p 926, as follows:

" 'It is not every partial failure to comply with the terms of a contract by one party which will entitle the other party to abandon the contract at once.' "

The above statement was recognized in *Abbate* v. *Shelden Land Co.*, 303 Mich 657, as a correct expression of the law. Had defendant in the case at bar elected to sue for damages, as it might have done, its recovery under the facts disclosed by the record before us doubtless would have been in a nominal amount only.

In *Lynder* v. *S. S. Kresge Co.*, 329 Mich 359 (28 ALR2d 440), it was recognized that:

"Deprivation of the beneficial use and enjoyment of leased premises as a result of the breach of the landlord's covenant to complete repairs may be sufficient to justify the abandonment of the premises by the tenant." (Syllabus 1.)

In accordance with such view it was held that the tenant was entitled to treat the lease, under which plaintiffs sued to recover rent claimed to be due, as terminated because of the failure and refusal of the lessor to perform a covenant for the making of certain alterations and repairs which were found to be material in character. The facts in the case at bar are not analogous. Here the lessor undertook to remedy, as expeditiously as possible, the condition resulting from the act of Cowling, an act that La Lond claimed was wholly improper and in violation of his rights. It may be noted that Cowling was not a witness on the trial in circuit court. Neither may it be said that defendant was deprived, because of the shutting off of the water service, of any *beneficial use* that was enjoyed at the time, or of which it was in position to avail itself either by reoccupying the premises or by subletting or assign-

ing to another. See, also, *Bates* v. *Smith,* 259 Mich 454.

Counsel for defendant cite and rely on *Everson* v. *Albert,* 261 Mich 182. There the premises in question were in actual occupancy at the time of the alleged breach of duty on the part of the landlord. The proofs in the case supported the conclusion of the trial judge that, because of the failure of the lessor to prevent the freezing of water pipes in a portion of the building to which defendant did not have access and which was not covered by the lease, and to remedy a condition resulting in foul and offensive odors in the premises in which defendant was conducting a business, the lessee was justified in vacating the premises. In sustaining a judgment in defendant's favor this Court concluded that under the facts in the case the situation that had been created amounted to a constructive eviction. Obviously the facts involved are not analogous to those in the case at bar, and the decision cannot be regarded as in point. The same comment may be made with reference to *Rogers* v. *Babcock,* 139 Mich 94, and to other decisions of like import to which our attention is directed. Under the facts as disclosed by the record we think that the trial court was right in holding that there was not such violation of duty on the part of La Lond as justified the defendant in treating the lease as terminated.

Counsel for appellant assert in their brief that La Lond made no assignment to the plaintiff at the time of the execution of the deed of conveyance, or thereafter, of the lessor's interest under the lease. The suggestion is made that plaintiff cannot claim the benefit of the contract because all that he received from La Lond was an assignment of alleged delinquencies covering the period from December 1, 1950, to and including March 31, 1951. The argument assumes that such an assignment was necessary in

order to permit plaintiff to recover rental accruing after the conveyance to him.

In 51 CJS, p 525, the statement is made that:

"As a general rule, when the landlord conveys the property, his lessee or tenant then becomes the lessee or tenant of his vendee."

Apparently on the trial plaintiff assumed that by virtue of the vesting in him and his wife of the title to the property he had the right to the payment of such rent as might thereafter accrue under the lease. Such right was recognized in *Bender* v. *Kaelin*, 257 Ky 783 (79 SW2d 250). See, also, *Lytle* v. *Payette-Oregon Slope Irrigation District*, 175 Or 276 (152 P2d 934, 156 ALR 894). It does not appear that plaintiff's assumption was challenged in the trial court. We do not find that the question was raised by the pleadings, nor that the claim now made was called to the attention of the trial judge. It is not specifically mentioned in the assignment of reasons and grounds for appeal. Without reference to the merits of the question it must be said that defendant is now precluded from raising it. *Bek* v. *Zimmerman*, 285 Mich 224; *Maxson* v. *Bay County*, 290 Mich 86.

As before noted, plaintiff has filed a cross appeal claiming that the trial court was in error in deducting from the accrued rental for the 8-months period beginning December 1, 1950, the sum of $112.50, on the theory that the latter sum was the rental accruing during the period from October 20, 1950, when the water service was shut off by Cowling, until December 5th following. Under the record the claim must be sustained. Defendant paid the rent up to and including the 30th of November, 1950. It did not in its pleadings assert the right to recover any payments that it had made. It did not, in other words, counterclaim on the ground that it was en-

titled to an offset against the claim for rent assigned by La Lond to the plaintiff.

Such being the situation, the conclusion follows that there was no issue before the court with reference to the rental covering the period when the water service was interrupted.   Plaintiff's declaration asserted the right to recover rent for the period of 8 months beginning December 1, 1950, together with future payments that might accrue under the lease. Recovery was limited to the designated period and plaintiff was entitled to judgment accordingly.   No claim is here made on behalf of defendant that, if it was not entitled to terminate the lease, recovery of the rent for the month of December, or any part of it, should have been denied by the trial court.

The case is remanded with directions to set aside the judgment entered in the sum of $505.10, and to enter judgment for plaintiff in accordance with this opinion.   Plaintiff may have costs.

DETHMERS, C. J., and ADAMS, BUTZEL, BUSHNELL, SHARPE, BOYLES, and REID, JJ., concurred.